## Kaplan *v.* Baron.

*Practice, Municipal Court—Trial by jury—Nonwaiver—Judgment—Rule to open judgment—Trial of issue.*

Where in an action in the Municipal Court of Philadelphia, to recover moneys on a lost judgment note, judgment is entered by default for want of an answer, and subsequently a rule to open judgment is made absolute, and the case is put upon the trial list without the filing of an answer to plaintiff's statement, and a petition for a trial by a jury is refused, and subsequently when the case is called for trial the defendant again demands a jury trial and states that he will elect to treat his petition to open the judgment as his answer, the court commits reversible error if it refuses the demand for a jury trial.

The right to trial by jury cannot be taken away by implication, and if a party in the Municipal Court of Philadelphia has not expressly waived his right in the manner prescribed by the Act of July 12, 1913, P. L. 117, he may before trial demand that his case be tried by a jury.

514, (1917).] Statement of Facts—Opinion of the Court.

Argued Oct. 12, 1917. Appeal, No. 293, Oct. T., 1917, by Gottlieb Kohn, from judgment of Municipal Court, Philadelphia Co., Oct. T., 1916, No. 572, for plaintiff on case tried by the court without a jury in suit of Hyman Kaplan v. Isaac Baron, Morris Schwartz and Gottlieb Kohn. Before ORLADY, P. J., HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Trial to determine amount due on a judgment which the court had directed to be opened.

The opinion of the Superior Court states the facts.

*Error assigned,* among others, was "in proceeding with the trial of said case without a jury."

*Abraham Wernick,* for appellant.—The right to trial by jury cannot be waived by implication: Cutler's Est., 225 Pa. 167; Trimble's App., 6 Watts 133; Ruch v. York, 233 Pa. 36; Dobbling v. York Springs Ry. Co., 203 Pa. 632; Lauman v. Young, 31 Pa. 306; Pusey's App., 83 Pa. 67.

The mere failure on the part of the defendant to demand a jury trial when he filed his petition to open judgment and the mere failure of the defendant to demand a jury trial up until the date of the trial cannot be treated as a waiver of the right because it was not one of the modes prescribed by the Municipal Court Act to waive a jury trial: Pratte & Cabane v. Cort, 9 Mo. Rep. 164; Chasten v. Martin, 81 N. C. 54; Allen v. Gray, 201 N. Y. 504.

*Daniel O'Connell,* for appellee.

OPINION BY WILLIAMS, J., December 13, 1917:

Plaintiff sued appellant and two others on a lost judgment note. February 21, 1917, judgment was entered for want of an answer. April 24, a fi. fa. issued against appellant, who filed a petition to have the judg-

ment opened or stricken off. May 29, the court discharged the rule to strike off, and made absolute the rule to open. June 1st, depositions were filed and the case was put upon the trial list without the filing of an answer to the plaintiff's statement. June 19, appellant filed a petition for a jury trial which was refused the same day. June 20, at 9:50 a. m., appellant paid the jury fee. Later the same day the case was called for trial. Counsel for appellant renewed his demand for a jury trial, stating he had not waived his right thereto; and while he had not filed a formal answer, he would elect to treat his petition to open judgment as his answer. The court refused the request and counsel left the room. The trial proceeded in the absence of appellant and his counsel. There was a finding for plaintiff and from the judgment entered thereon we have this appeal.

Was appellant entitled to a jury trial?

Section 12, of the Act of July 12, 1913, P. L. 711, provides, inter alia: "Every statement of claim, before it shall be received by the prothonotary, shall contain on the back thereof, an endorsement, signed by plaintiff or his counsel, as follows: 'Jury trial demanded,' or 'It is agreed that this case be tried by a judge without a jury.' If plaintiff demands a jury trial he shall, at the time of filing his statement, pay to the prothonotary a jury fee of four dollars. Every answer, where plaintiff has not demanded a jury trial, shall contain, on the back thereof, a similar endorsement; and if defendant demands a jury trial, he shall, at the time of filing his answer, pay to the prothonotary a jury fee of four dollars...... Except as modified by this act, or its own rules duly adopted by a majority of the judges, the practice and procedure in the municipal court shall be the same as the practice and procedure in the Courts of Common Pleas of Philadelphia County."

No new practice is prescribed by the act for the hearing of questions of fact upon the opening of a judgment,

nor have any rules relating thereto been promulgated, therefore, the practice of the Courts of Common Pleas of Philadelphia County would control. Disputed questions of fact are there tried by a jury unless there is an express submission or waiver: McCutcheon v. Allen, 96 Pa. 319, 323. The right of trial by jury preserved by Amendment Article VII, Federal Constitution; and Article I, Section 6, Constitution of Pennsylvania, is not to be taken away by implication: Cutler's Est., 225 Pa. 167; Ruch v. York, 233 Pa. 36.

The act provides "if both parties, as aforesaid, have filed agreements that the case may be tried by a judge without a jury, it shall be so tried, under such rules of procedure as the court shall prescribe." This language contemplates an express waiver, and unless a litigant has affirmatively assented in the manner prescribed by the act, he has the right, before trial, to demand that his case be tried by a jury.

The judgment is reversed and the record remitted with a procedendo.