# Wright et al. *v.* Barber, Appellant.

*Equity—Practice, equity—Parties—Municipality.*

1. Where a bill in equity is filed against a municipality and certain of its officers, and subsequently the former joins with plaintiff in prosecuting the action, the municipality becomes in legal effect a coplaintiff, and objections, founded only upon the fact that it is nominally a defendant, cease to have any validity.

*Equity — Jurisdiction — Remedy-at-law — Act of June 7, 1907, P. L. 440—Constitutional law—Taxpayers' bill—Municipal contract—Performance.*

2. Under the Act of June 7, 1907, P. L. 440, if the court below would have had jurisdiction over the subject-matter of a bill had the action been begun at law, an objection to the jurisdiction in equity will not be considered unless it is raised by demurrer or answer explicitly so stating; and if so raised will be treated as waived unless the parties require it to be decided in limine before a hearing of the cause on the merits.

3. The act is a remedial one and is to be liberally construed.

4. The act is not invalid because of the constitutional provision as to jury trials, for it is only the right of trial by jury which is to remain inviolate, and this may be waived, expressly or impliedly, by a failure to follow the method prescribed for determining whether or not the parties desire it.

5. Equity has jurisdiction of a bill filed by taxpayers to enjoin the improper payment of municipal funds.

6. Where work done under a municipal contract is defective, inferior and of a much cheaper grade and standard than that required by the specifications, and by reason thereof will disintegrate and wear out many years before it would have, had the specifications been complied with, the contract has not been substantially performed.

7. There can be no recovery on a contract which has not been substantially performed.

*Appeals—Findings of fact—Assignments of error—Abandoned.*

8. Where certain findings of fact dispose of the whole case, it is not necessary to consider other questions raised by the assignments of error, for the decree appealed from must be affirmed irrespective of any conclusion which might be reached regarding these assignments.

9. Assignments of error not argued in appellant's paper-book may be considered as abandoned.

Argued March 15, 1921. Appeal, No. 363, Jan. T., 1921, by Michael Barber, from decree of C. P. Susquehanna Co., Nov. T., 1919, No. 134, on bill in equity, in case of Minnie M. Wright and Ira H. Spencer v. Borough of Susquehanna Depot, M. J. Lannon et al., councilmen, and Michael Barber. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Bill in equity by taxpayers of the borough of Susquehanna Depot for an injunction to restrain payment of money to Michael Barber on a paving contract. Before SMITH, P. J.

The opinion of the Supreme Court states the facts.

The court entered a decree in accordance with the prayer of the bill. Defendant, Michael Barber, appealed.

*Errors assigned,* inter alia, were decree, 18th finding of facts, and exclusion of evidence, recited in the opinion of the Supreme Court, quoting record.

*R. W. Archbald,* with him *John M. Kelly,* for appellant.

*Wm. A. Skinner* and *Thomas Doherty,* for appellee.

OPINION BY MR. JUSTICE SIMPSON, April 11, 1921:

Plaintiffs, who owned properties fronting on West Main Street in the borough of Susquehanna Depot and

were taxpayers therein, filed a bill in equity against the borough, certain of the municipal officers, and Michael Barber, the appellant, averring the latter had a contract with the borough authorizing him to pave, curb and gutter West Main Street and Willow Avenue; that the work had been partly performed and was being completed in a manner substantially different from that provided in the contracts, plans and specifications, to the great loss of the borough; that the borough officials had paid Barber large sums of money and were wrongfully about to give him other amounts, which would practically pay the contract price in full, although a protest had been made by plaintiffs and others to the borough council. The bill prayed an injunction prohibiting the borough from making further payments to Barber, enjoining it from filing liens against plaintiffs' properties, and for general relief. The borough and its officials answered that they were ignorant as to whether or not the work had been properly done, had trusted their employees to see that it was, and prayed proof of ' improper performance. Barber answered alleging he had fully complied with his contracts. The court below found the facts as averred in the bill, entered a decree as prayed for, and from it Barber alone appeals.

Apparently the borough became satisfied at the trial that plaintiffs' complaints were well founded, for no objection was made to the court's findings in regard thereto, and at the bar of this court its solicitor asked the affirmance of the decree forbidding the borough to pay any further money to Barber. As a result of this situation, plaintiff submitted, and the court below affirmed, the following point: "The jurisdiction of the court in this case extends to the granting of relief between codefendants, and such relief may be granted without cross bill or on filing of a cross bill by the borough." Barber did not except to this ruling or assign it as error, and the effect is to eliminate appellant's contention that some of the objections were matters for the borough only, re-

garding which plaintiffs cannot be heard to complain, and, when considered in conjunction with the other matters above stated, resulted in the borough becoming in effect a coplaintiff, as it could have become formally had Barber objected to its so appearing without an amendment to the pleadings.

Appellant for the first time now challenges the jurisdiction of equity to determine the questions raised by the bill; but this contention must be overruled for at least two reasons: (1st) Not having been raised "by demurrer or answer explicitly so stating," and not having been decided "in limine before a hearing of the cause on the merits," as provided by the Act of June 7, 1907, P. L. 440, it will not be considered here: McConville v. Ingham et al., 268 Pa. 507. The purpose and effect of this act is not merely to justify a court of equity in deciding a case wherein it has general jurisdiction of the subject-matter, and the only question is as to its right to proceed in the particular instance; for this was the legal situation before the act was passed: Adams's App., 113 Pa. 449; Shillito v. Shillito, 160 Pa. 167; Penna. R. R. Co. v. Bogert, 209 Pa. 589; Smith v. McClure, 257 Pa. 168, 171. Nor is there any valid objection because of the constitutional provision as to jury trials, for it is only the "right" of trial by jury which is to remain inviolate (Bank of Columbia v. Okely, 4 Wheaton 235, 244; Capital Traction Co. v. Hof, 174 U. S. 1; New York & Penna. Co. v. New York Central R. R. Co., 267 Pa. 64, 78), and this may be waived, either expressly or impliedly, by a failure to follow the method prescribed for determining that the parties desire it: Krugh v. Lycoming Fire Ins. Co., 77 Pa. 15; Anderson v. Carnegie Steel Co., 255 Pa. 33. Since the act is a remedial one, and therefore must be so construed as to "suppress the mischief and advance the remedy" "if it can be done by reasonable construction in furtherance of the object" (Jones v. Beale, 217 Pa. 182; Rochester Trust Co. v. White, 243 Pa. 469), its meaning necessarily is that wherever the court

would have had jurisdiction over the subject-matter of the bill had it been begun by an action at law, and in that event the case could have been tried by "the court without a jury upon agreement filed," it shall proceed in equity (if no objection is made "by demurrer or answer explicitly so stating," or, if made, is waived by the parties not having it decided "in limine before a hearing of the cause on the merits") exactly as if it was a proceeding on the law side of the court, and was being tried "without a jury upon agreement filed." (2d) The bill is a taxpayers' bill, and the jurisdiction in equity in such cases has been long settled. True, it is somewhat inartificially drawn, but sufficient appears to show this is its real purpose. The two plaintiffs have no rights in common except as taxpayers; they have no interest in the cost of the Willow Avenue paving except as taxpayers; they have no interest in enjoining the borough from paying Barber the balance of the contract price except as taxpayers. Neither in the answers, the exceptions nor the assignments of error is there any challenge of it as a taxpayers' bill, and it is too late to raise the question on appeal, for if made below doubtless all the technical defects would have been cured by amendment.

The jurisdiction in equity being established, and the borough being in effect a party plaintiff, the principal questions remaining to be considered are issues of fact. The court below found that in at least eight particulars the specifications had been departed from, none of which findings are substantially disputed, and as to some of which departures the only excuse is "it did not pay to do [them] in that way." True, some of them were of comparatively little importance, but taken altogether they resulted, inter alia, in the following conclusions: "Eighteenth. The pavements as constructed by the defendant Michael Barber did not comply either strictly or substantially with the contracts, plans and specifications." "Nineteenth. The pavements as constructed, compared with those called for in the specifications and which

the borough and the property owners were entitled to under the contracts, were defective, inferior and of a much cheaper grade and standard, and will according to the weight of the testimony in this case disintegrate and wear out many years before they should, had they been built in accordance with the specifications." The first of these findings is assigned as error, but the second is not, and this latter fact alone would defeat the appeal; for if Barber's departures from the specifications resulted in pavements which would "disintegrate and wear out many years before they should, had they been built in accordance with the specifications," it must necessarily follow that there could not have been a substantial compliance with the contract. In view thereof it would answer no good purpose to cumber this opinion with a recital of the evidence sustaining the eighteenth finding; it is sufficient to say that there was ample testimony to support it, and, so far as can be judged from the printed evidence, the great weight thereof was in its favor, and hence the assignment of error in regard thereto is overruled.

There being then no substantial compliance with the contracts, Barber cannot recover even for the work done (Gillespie Tool Co. v. Wilson, 123 Pa. 19; Hartman v. Meighan, 171 Pa. 46), for any other conclusion "would tend to demoralize the whole country": Martin v. Schoenberger, 8 W. & S. 367. Indeed it was found as a fact that it would cost more than the balance of the contract price to put the work in the condition provided by the contracts. Under such circumstances it is well settled that a taxpayers' bill to enjoin further payments under the contracts will be sustained (Pepper v. City of Phila., 114 Pa. 96, 112; Brobst v. City of Reading, 236 Pa. 627); and we need only again repeat the warning that in a proper case public policy requires this remedy shall be unflinchingly applied, since not otherwise can those who contract with the public be taught that it is just as

dishonest to wrong the citizens in their governmental as it is in their individual capacities.

The conclusion thus reached disposes of all the other assignments of error which relate to the findings of fact and conclusions of law, for if all these assignments were sustained the decree would none the less inevitably follow the findings which we have quoted above; and hence we need only consider, in addition, the objections relating to the exclusion of certain evidence offered by appellant. As none of them were argued in appellant's paper-book, we might treat them as abandoned; but, in any event, they do not disclose reversible error. In some of them the witness was asked his opinion as to the general effect, on the work, of Barber's violating his contract in specified particulars; in others, his opinion regarding the substantial character of the work actually done, without reference to whether or not it complied with the contracts; and, in still others, his opinion generally as to whether or not he deemed the work actually done a substantial compliance with the contract, an inquiry he subsequently answered by saying it was "as good as the road required under the specifications"; and moreover this was a matter for the court and not for the witness to decide, especially in view of the admitted variations from the specifications and the facts set forth in the nineteenth finding above quoted.

The decree of the court below is affirmed and the appeal is dismissed at the cost of appellant.