# Grossman Brothers v. Goldman, Appellant.

*Practice, M. C.—Jury trial—Waiver—Right to demand—Failure to demand—Requirements.*

By the Act of June 20, 1919, P. L. 515, amending the Municipal Court Act, it is provided that in all civil actions the parties shall en-

dorse on the statement of claim and on the affidavit of defense that they demand a jury trial, or agree that the case may be tried without a jury.

Where the plaintiff filed his statement of claim with the endorsement that he waived jury trial, and the defendant filed an affidavit of defense without any endorsement in regard thereto, and the case is tried by the court without a jury, the defendant cannot, after trial, claim that he did not intend to waive his constitutional rights.

Argued December 10, 1924.    Appeal, No. 294, Oct. T., 1924, by defendant, from judgment of Municipal Court of Philadelphia, Sept. T., 1923, No. 61, in favor of plaintiff in the case of Harrison R. Grossman, trading as Grossman Bros., v. Isidore Goldman.    Before PORTER, HENDERSON, TREXLER, LINN and GAWTHROP, JJ.    Affirmed.

Assumpsit to recover commissions in the sale of real estate.    Before KNOWLES, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court entered judgment in favor of the defendant in the sum of $413.26.    Defendant appealed.

*Errors assigned* were, among others, in trying the case without a jury and refusal to grant a new trial.

*D. Arthur Magaziner,* for appellant.

*Oscar Rosenbaum,* for appellee.

OPINION BY LINN, J., February 27, 1925:

This case was tried in the municipal court by a judge without a jury and defendant now contends that he was deprived of his right to a jury trial without his consent. The suit was in assumpsit to recover commissions alleged to have been earned by a real estate broker, and involved a dispute of fact, but while triable by jury at

common law, the parties could waive that right and agree to a trial by a judge without a jury. The only point now is whether they agreed.

Defendant contends that he did not agree, and in support of his contention shows that he filed an affidavit of defense without endorsing on it, his waiver of a jury trial in the words prescribed by the statute. Plaintiff replies that appellant's default in that respect might have been made the basis of a motion to strike off the affidavit of defense, but that as the trial and the intermediate procedure leading up to the trial, were according to rule, appellant may not by his own noncompliance with the statute compel a retrial of the case; that if he had not intended to waive trial by jury, he (1) should have endorsed his affidavit "Jury trial demanded" and (2) should have paid the jury fee as required by the statute.

The Act of June 20, 1919, amending the Municipal Court Act, provides in section 12: "In all civil actions hereafter brought in said municipal court, the statement of claim, before it shall be received by the prothonotary, shall contain on the back thereof, an endorsement, signed by plaintiff or his counsel, as follows: 'Jury trial demanded,' or, 'It is agreed that this case be tried by a judge without a jury.' If plaintiff demands a jury trial, he shall, at the time of filing his statement, pay to the prothonotary a jury fee of four dollars. Every affidavit of defense, where plaintiff has not demanded a jury trial, shall contain, on the back thereof, a similar endorsement; and, if defendant demands a jury trial, he shall, at the time of filing his affidavit of defense, pay to the prothonotary a jury fee of four dollars. If both parties as aforesaid have filed agreements that the case may be tried by a judge without a jury, it shall be so tried, under such rules of procedure as the court shall prescribe."

Plaintiff filed his statement of claim containing the specified endorsement waiving jury trial. It then became the duty of the defendant to specify whether he

would join with plaintiff in waiving the same right or whether he desired to have a trial by jury and the statute (and Rule 12 of the court below to the same effect) prescribed one method of stating his election on the affidavit of defense; if he elected trial by jury, it was his duty to endorse on the affidavit, "jury trial demanded," and to pay the jury fee when he filed the affidavit. He filed his affidavit of defense without demanding a jury trial, and without paying the jury fee. Of course the prothonotary should have rejected the paper, because defendant had not complied with the statute. If the prothonotary had declined to receive it, or, if after it was received, the plaintiff had moved to strike it off, defendant would have been required to act more specifically with regard to the matter at that stage of the proceeding.

When we examine defendant's conduct, we must assume that he had no intention of violating the provisions of the statute, and therefore that he did not wish a jury trial, for if he had desired it, he would have demanded it and paid the jury fee. Accordingly, taking his disregard of the statute to be innocent, we consider his subsequent conduct and observe that thereafter he permitted the case to take the regular course of such cases pursuant to the rules of the municipal court. By Rule 13, providing for a trial calendar, the case obtained its place on the published trial list,—a list which specified that the cases on it were for trial by the court without a jury. The record shows that both defendant and his attorney had notice that the case was listed for trial on the date on which it was tried. Not only did the case appear on the officially printed trial list, but, we assume, as nothing to the contrary appears, that defendant or his attorney received notice under Rule 13 requiring that "Written notice of the date and room for trial shall be given to the parties or their counsel at least ten (10) days before the date set for trial." Pursuant to the other rules of the court, the case was called for trial, when it appeared

that neither defendant nor his attorney were present. The trial went on, ex parte, and resulted in a finding for plaintiff. A motion for a new trial was then filed without objection that the case had been tried without a jury. Later, a supplementary motion for a new trial was made, raising that point. Assuming, without deciding, that up to the time of trial, if it had not been defendant's intention all along to waive a jury trial, he might have come in and demanded a jury trial, the fact is, he did not withdraw his apparent waiver and substitute a demand for it before the trial. Our inquiry then becomes: what is the effect of his conduct after he had notice by the trial list that what he had previously done in the case had been interpreted by the plaintiff and by the municipal court as assent to plaintiff's proposal to try the case without a jury? We cannot consider disputed matters of fact stated in the motion for the new trial in explanation of the absence of defendant and his attorney at the time of the trial and plaintiff's answer to those allegations, because those statements are not part of the record. By the rules of both the Common Pleas and the Municipal Court in Philadelphia County "......if the relief sought depends upon any matter not of record, the motion or rule [for a new trial, which in this case was filed as of course] shall be founded upon a petition, duly verified, stating the reasons why the relief should be granted, and must be allowed by the court": Section 83 of Common Pleas Rules, applicable in the Municipal Court by its Rule 1. No such petition was filed.

Appellant refers us to Kaplan v. Baron, 68 Pa. Superior Ct. 514, in which a trial took place after a judgment by default had been opened to permit a trial, and when the case had been put on the trial list without the filing of a formal answer to plaintiff's statement. It appeared that a demand for jury trial was made, accompanied by the payment of the jury fee before trial, and, having been refused, we reversed, saying: "This language [the statute in substance the same as above

Opinion of the Court.    [85 Pa. Superior Ct.

quoted] contemplates an express waiver, and unless a litigant has affirmatively assented in the manner prescribed by the act, he has the right, before trial, to demand that his case be tried by a jury." "Before trial," it will be observed, was deemed important. The defendant in the present case did not disavow before trial; and he has never paid the jury fee, nor does he appear to have tendered it; the only inference which can be made from his conduct before trial, is that he wished to and did waive a jury trial. After trial, with the intermediate proceedings already specified, in some of which he participated, but of all of which he had actual notice, it is too late, by travelling back through the record and pointing to his own omission to comply with the statute as a ground for relief, to say he did not intend the effect of his conduct. Though "a jury trial, as a constitutional right secured to a party, is never presumed to be waived, unless in a clear case," (Pusey's Appeal, 83 Pa. 67, 70), we consider this such a case. Accordingly there was no abuse of judicial discretion in refusing a new trial and in entering judgment for the plaintiff on the finding.

Judgment affirmed.