Argued October 10, 1949.
The plaintiff appealed from the dismissal of its bill in equity, the court below having held that there was an adequate remedy at law.[1]
The facts were without dispute. Defendant procured from plaintiff a loan of $15,000, to be used for the purchase of a business which was to be incorporated, with 200 shares of stock to be issued the defendant. The defendant agreed to pledge this stock with the plaintiff as collateral security for the loan. The corporation was duly organized; a certificate evidencing the ownership of 200 shares of stock was issued to the defendant who, in accordance with the agreement, thereafter delivered the same to the plaintiff as collateral security for the payment of the loan. The balance of the capital stock, 200 shares, was owned by one Horowitz, who, with the defendant, was a director of the corporation. *Page 269 
Defendant's indebtedness was reduced, so that prior to August 28, 1948, the unpaid balance for $2,000, for the payment of which the plaintiff held as collateral security the 200 shares of stock standing in the name of the defendant.
The defendant and Horowitz then sold all the corporate assets for the sum of $65,000, and the defendant received $30,000 in cash, — an adjustment, unimportant here, being made in favor of Horowitz. The corporation was then dissolved. The actual sale and transfer of the corporate assets, the distribution of the proceeds thereof, and the dissolution of the corporation all were accomplished without plaintiff's knowledge or approval. The prayers of the bill were: that to the extent of the unpaid balance of the loan of approximately $1,700 the defendant account to the plaintiff for the monies obtained on the 200 shares of stock pledged; for an injunction preventing the defendant from transferring assets or property; and forsuch further relief as should be proper.
The court's dismissal of the bill was upon the theory that there was no fraud, — a conclusion somewhat questionable. But the case is ruled by Peoples-Pittsburgh Trust Company v. Saupp,320 Pa. 138, 182 A. 376,[2] in which Mr. Justice MAXEY (now Chief Justice) wrote the opinion. In the Saupp case the defendant pledged corporate stock of the Mesta Machine Company, standing in her name, as collateral security for her indebtedness to the Trust Company. The stock certificate was delivered to the Trust Company but not transferred on the books of the corporation. The Mesta Machine Company subsequently declared a stock dividend and the Trust Company filed a bill to compel the defendant to deliver to it the certificate of stock representing that dividend. The Supreme Court ruled that the pledgor *Page 270 
held her entire interest in the corporation as trustee under an implied trust for the benefit of the pledgee, which had the right to collect the interest, dividends and income accruing from the collateral until the redemption of the pledge; and that the failure of pledgor to pay over to the pledgee the shares of stock received as a dividend on the stock pledged was a breach of the implied trust for which there was a remedy in equity.
In the instant case the defendant-pledgor had an interest in the corporation evidenced by 200 shares of stock. This he pledged with the plaintiff, and his interest in the corporation was therefore held by him as trustee under an implied trust for the benefit of the plaintiff.
One other point might be mentioned. The original loan was for $15,000, made in June, 1946, under a promise of the defendant to pledge the stock of a corporation to be formed. Repeated demands for the stock were made by the plaintiff, but it was not delivered until May 22, 1947, at which time the loan had been reduced to $5,000, and was evidenced by a new collateral demand note reciting the same collateral as in the original agreement. We must therefore disapprove the court's first conclusion of law that the actual receipt of the collateral by the pledgee, deferred (by the defendant himself) until May, 1947, was "merely additional collateral security given eleven months after the original loan and was . . . a voluntary act on the part of defendant and without consideration." The consideration was the original loan with the promise of the defendant that if the loan were made the collateral would be pledged. The fact that the defendant breached his agreement and did not actually deliver the collateral until the loan had been reduced, but not fully paid, is of no importance.
The decree is reversed, the court below to proceed in accordance with this opinion; costs to abide the result.
[1] But see § 1 of the Act of 1907, P. L. 440, 12 Pa.C.S.A. § 1227; andAllen et al. v. Sarshik et al., 299 Pa. 257, 148 A. 25; Wrightet al. v. Barber, 270 Pa. 186, 113 A. 200.
[2] Annotated in 103 A.L.R. 849. *Page 271