Opinion by
 

 Arnold, J.,
 

 The plaintiff appealed from the dismissal of its bill in equity, the court beloAV having held that there Avas an adequate remedy at laAv.
 
 [1]
 

 The facts Avere Avithout dispute. Defendant procured from plaintiff a loan of $15,000, to be used for the purchase of a business Avhich Avas to be incorporated, Avith 200 shares of stock to be issued the defendant. The defendant agreed to pledge this stock Avith the plaintiff as collateral security for the loan. The corporation Avas duly organized; a certificate evidencing the ownership of 200 shares of stock Asms issued to the defendant who, in accordance with the agreement, thereafter delivered the same to the plaintiff as collateral security for the payment of the loan. The balance of the capital stock, 200 shares, Avas OAvned by one HoroAvitz, Avho, with the defendant, Avas a director of the corporation.
 

 
 *269
 
 Defendant’s indebtedness was reduced, so that prior to August 28, 1948, the unpaid balance for $2,000, for the payment of which the plaintiff held as collateral security the 200 shares of stock standing in the name of the defendant.
 

 The defendant and Horowitz then sold all the corporate assets for the sum of $65,000, and the defendant received $30,000 in cash,—an adjustment, unimportant here, being made in favor of Horowitz. The corporation was then dissolved. The actual sale and transfer of the corporate assets, the distribution of the proceeds thereof, and the dissolution of the corporation all were accomplished without plaintiff’s knowledge or approval. The prayers of the bill were: that to the extent of the unpaid balance of the loan of approximately $1,700 the defendant account to the plaintiff for the monies obtained on the 200 shares of stock pledged; for an injunction preventing the defendant from transferring assets or property;
 
 and for such further relief
 
 as should be proper.
 

 The court’s dismissal of the bill was upon the theory that there was no fraud,—a conclusion somewhat questionable. But the case is ruled by
 
 Peoples-Pittsburgh Trust Company
 
 v.
 
 Saupp,
 
 320 Pa. 138, 182 A. 376,
 
 [2]
 
 in which Mr. Justice Maxey (now Chief Justice) wrote the opinion. In the
 
 Saupp
 
 case the defendant pledged corporate stock of the Mesta Machine Company, standing in her name, as collateral security for her indebtedness to the Trust Company. The stock certificate was delivered to the Trust Company but not transferred on the books of the corporation. The Mesta Machine Company subsequently declared a stock dividend and the Trust Company filed a bill to compel the defendant to deliver to it the certificate of stock representing that dividend. The Supreme Court ruled that the pledgor
 
 *270
 
 held her entire interest in the corporation as trustee under an implied trust for the benefit of the pledgee, which had the right to collect the interest, dividends and income accruing from the collateral until the redemption of the pledge; and that the failure of pledgor to pay over to the pledgee the shares of stock received as a dividend on the stock pledged was a breach of the implied trust for which there was a remedy in equity.
 

 In the instant case the defendant-pledgor had an interest in the corporation evidenced by 200 shares of stock. This he pledged with the plaintiff, and his interest in the corporation was therefore held by him as trustee under an implied trust for the benefit of the plaintiff.
 

 One other point might be mentioned. The original loan was for $15,000, made in June, 1946, under a promise of the defendant to pledge the stock of a corporation to be formed. Repeated demands for the stock were made by the plaintiff, but it was not delivered until May 22, 1947, at which time the loan had been reduced to $5,000, and was evidenced by a new collateral demand note reciting the same collateral as in the original agreement. We must therefore disapprove the court’s first conclusion of law that the actual receipt of the collateral by the pledgee, deferred (by the defendant himself) until May, 1947, was “merely additional collateral security given eleven months after the original loan and was ... a voluntary act on the part of defendant and without consideration.” The consideration was the original loan with the promise of the defendant that if the loan were made the collateral would be pledged. The fact that the defendant breached his agreement and did not actually deliver the collateral until the loan had been reduced, but not fully paid, is of no importance.
 

 The decree is reversed, the court below to proceed in accordance with this opinion; costs to abide the result.
 

 [1]
 

 But see §1 of the Act of 1907, P. L. 440, 12 PS §1227; and
 
 Allen et al. v. Sarshik et al.,
 
 299 Pa. 257, 148 A. 25;
 
 Wright et at. v. Barber,
 
 270 Pa. 186, 113 A. 200.
 

 [2]
 

 Annotated in 103 A. L. R. 849.