Rennekamp Supply Company *v.* Valicenti, Appellant.

Argued November 16, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Walter W. Riehl,* for appellant.

*Herman Recht,* with him *C. Joseph Recht,* for appellee.

Opinion by Woodside, J., March 24, 1955:

This is an appeal from the judgment of the County Court of Allegheny County entered for the plaintiff in an assumpsit action for building materials sold and delivered to the defendant.

In the complaint the plaintiff alleged that certain building materials were ordered by the defendant through her husband, acting as her agent by virtue of a power of attorney, and delivered to Ordale Boulevard in Mt. Lebanon.

The answer denied that the materials were ordered, that they were delivered, that the prices were fair and reasonable, that they were delivered on the dates set forth and that defendant's husband was acting as her agent in ordering the goods. She further averred that a Mechanic's Lien had been filed against her for the materials delivered and that she had paid for them.

The case was tried before Judge Kaufman without a jury. He entered judgment against the defendant in the sum of $1284.66 with interest thereon from April 12, 1949.

The court was "convinced" that the materials for which the payment is sought were actually delivered, received, and used by the defendant, and that they had never been paid for. The court found from the evidence that the alleged payments were "all carefully accounted for," and were not made to the defendant for the materials involved in this suit. The court also found that the Mechanic's Lien was not for these materials and payment of it was not in satisfaction of this claim or any part of it.

We have reviewed the evidence and find it sufficient to support the finding of the trial court that the

aforesaid sum, with interest, is due from the defendant to the plaintiff. There is no need to review the evidence in detail.

The appellant has raised for the first time in this court the contention that since she did not sign and file a written agreement waiving a jury trial, judgment cannot be entered against her.

The Constitution of this Commonwealth, although guaranteeing the *right* to a trial by jury, also permits the parties in a civil case to dispense with trial by jury and submit their case to the court. Article 1, §6, Article 5, §27.

The Act creating and relating to procedure in the County Court of Allegheny County in which this case was tried provides in section 8, as amended, as follows:

"In any case brought in this court in which the parties are entitled by the Constitution and laws of this Commonwealth to a trial by jury, the plaintiff, if he desires a trial by a jury, shall, at the time of filing his statement, indorse thereon, or file separately, a written demand for a jury trial, in substantially the words, 'Jury trial demanded,' signed by himself or his counsel, and, if no such demand is made by the plaintiff, but a trial by jury is desired by the defendant, he shall in like form, at the time of filing his answer, demand a trial by jury (except a municipality, not being required to file an answer, shall, when defendant, make its demand at least three days exclusive of Sundays before the time fixed for the hearing by the writ). If neither party shall make a demand in writing for a trial by jury, he shall be deemed to have waived his right to trial by jury, and the court shall proceed to try the case without a jury . . ." Act of May 5, 1911, P. L. 198 as amended, 17 PS §634.

The appellant here made no request for a trial by jury, submitted her case to the trial court, and made

no objection to the court's hearing the case without a jury either before, during, or after the trial. Now, having lost, she contends that her failure to file a written waiver entitles her to a new trial on the ground that a trial by jury could be waived in no other way. As Judge, later Justice, LINN said in *Grossman Brothers v. Goldman,* 85 Pa. Superior Ct. 205, 210 (1925): "After trial, with the intermediate proceedings already specified, in some of which he participated, but of all of which he had actual notice, it is too late, by travelling back through the record and pointing to his own omission to comply with the statute as a ground for relief, to say he did not intend the effect of his conduct."

It is the *right* to trial by jury that is guaranteed by the Constitution. When the statute protects that right and determines the method by which it may be waived a party may not waive the right and then upon losing contend that he did not legally waive it. *Grossman Brothers v. Goldman,* supra.

Judgment affirmed.