Cohen *v.* Sykes, Appellant.

Argued September 30, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Walter I. Higgins,* for appellant.

*Reuben Singer,* with him *John R. Meade,* and *Meade & Singer,* for appellee.

OPINION BY GUNTHER, J., November 16, 1955:

This is an action in assumpsit in which plaintiff waived his privilege to a jury trial. Defendant filed a counterclaim and a written demand for a jury trial and paid the jury fee. Through an error of the Prothonotary, the case was placed on a nonjury trial list. Both plaintiff and defendant failed to call the court's attention to the mistake. The case was tried without a jury and the court found for the plaintiff and entered a compulsory nonsuit on the counterclaim. This appeal is from the lower court's refusal to take off nonsuit. Appellant, in his argument, contends that the trial was a nullity and seeks a new trial.

Article 5, Section 27 of the Pennsylvania Constitution provides:

"The parties, by agreement filed, may in any civil case dispense with trial by jury, and submit the decision in such case to the court having jurisdiction thereof, and such court shall hear and determine the same; and the Judgment thereon shall be subject to writ of error as in other cases."

The defendant did not object to the lack of a jury before the trial or during the trial; it was not until three days after entry of the verdict that he objected. He had several opportunities before trial to rectify the listing of the case on the nonjury list. In *Kaplan v. Baron,* 68 Pa. Superior Ct. 514, it was held that a litigant has the right to demand a jury trial. Appellant cites the Act of 1874, P. L. 109, Sec. 1, 12 PS 688, which provides for an agreement of the parties to waive jury trial. *Goldfarb v. Colitz Coal Co.,* 54 D. & C. 321 is also cited for the authority which requires in all events the submission of a case to a judge without a jury upon written agreements of both parties. In the *Goldfarb* case, however, the case was begun as a jury case and then it was decided to dismiss the jury and submit decision to the judge.

Such procedure was held to be in error because it did not comply with the requirements of a case stated. That case is not in point because the instant case is not a case stated. At the trial, the plaintiff and defendant presented their witnesses on behalf of the claim and counterclaim. All of the evidence and testimony was presented before the court made the finding. The appellant, we repeat, raised the objection three days later. The protest was untimely as held by Appellate Courts. *Grossman Brothers v. Goldman,* 85 Pa. Superior Ct. 205. *Phillip v. Preston,* 5 Hos. (U.S.) 278.

The time element was emphasized in the *Grossman* case. There, the defendant was held to have waived his right to a jury trial where he tried the case without a jury and only thereafter raised the issue. The same result obtained in *Rennekamp Supply Co. v. Valicenti,* 178 Pa. Superior Ct. 13, 112 A. 2d 438.

In the last case, the defendant made no request for a trial by jury, submitted her case to the trial court, and made no objection to the court's hearing the case

430

without a jury either before, during, or after the trial; and for the first time, on appeal, contended that she had not signed and filed a written agreement waiving a jury trial, and, therefore, Judgment could not be entered against her. It was held that defendant's contention was without merit.

It is well settled that the right to a jury trial may be waived, either expressly or by implication, *Wright v. Barber,* 270 Pa. 186, 113 A. 200. Although defendant did not expressly waive his right by following the statutory procedure, he clearly waived it by implication by standing by on numerous occasions and accepting a nonjury trial without protest.

Judgment affirmed.