## Mathewson v. The Lehigh Valley Coal Co.

*Paul R. Orrson* and *Joseph F. Gallagher*, for plaintiff.

*James P. Harris, Jonathan Valentine* and *Saverio Rosato*, for defendants.

92

LEWIS, J., March 13, 1956.—Plaintiff brought an action in trespass against defendant coal companies for the alleged conversion of coal in which plaintiff claims a remainder interest.

The final complaint served in this action was filed on March 24, 1954.

After the pleadings were completed, the case was listed for trial at the May term of court in 1955.

Article 5, sec. 27, of the Constitution of this Commonwealth provides:

"The parties, by agreement filed, may in any civil case dispense with trial by jury, and submit the decision of such case to the court having jurisdiction thereof, and such court shall hear and determine the same; and the judgment thereon shall be subject to writ of error as in other cases."

By an agreement executed and filed on May 10, 1955, the parties agreed to dispense with a trial by jury. The case was then continued to the nonjury session of court in June 1955.

When the case was called for trial on June 13, 1955, plaintiff asked leave to withdraw his consent to a nonjury trial. This request was granted, and the case was then given a preference on the trial list for October 1955.

In October 1955 defendants were granted a rule to show cause why the agreement to a nonjury trial should not be reinstated. The case was continued pending the decision on the rule. Now before us is that decision.

The original agreement was entered into before the court, then reduced to writing, executed by counsel of record and filed in the prothonotary's office on May 10, 1955. It provides:

"And now, May 10, 1955, it is agreed by and between the parties to the above action, that trial by jury be dispensed with, and that the above case be tried before a judge of this Court, under the Act of Assembly in

such case made and provided, the trial judge to enter such judgment as shall be necessary and requisite to enforce his decision under this agreement, subject to appeal, at the option of either party."

After a careful review of the merits of the rule and a consideration of the implications of policy inherent in the issue raised, it is the unanimous opinion of the court, that agreements made in such manner by officers of the court are not to be abrogated unilaterally except upon legal cause satisfactorily established.

Such does not appear in the instant case.

Wherefore, rule absolute and the agreement entered into May 10, 1955, is reinstated, the above case to be tried before a judge of this court under the act of assembly in such case made and provided, the trial judge to enter such judgment as shall be necessary and requisite to enforce his decision, subject to appeal at the option of either party.