Neely *v.* J. A. Young & Co., Inc., Appellant.

Argued April 11, 1962.  Before RHODES, P. J., ER-
VIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and
FLOOD, JJ.

*Albert F. Paslow*, for appellant.

*Linn V. Phillips, Jr.*, with him *Neely & Will*, for appellees.

OPINION BY MONTGOMERY, J., June 13, 1962:

Seeking to recover fees in the sum of $1,707.80 for legal services, plaintiffs-appellees filed in the County Court of Allegheny County a complaint in assumpsit with a praecipe for the appointment of arbitrators pursuant to the compulsory provisions of the Arbitration Act of June 16, 1836, P.L. 715, §8, 5 P.S. 21, and the County Court Arbitration Rules which provide (inter alia) that all civil cases wherein the amount in controversy is $2,000 or less (with certain exceptions not applicable herein) ". . . automatically shall be submitted to . . . a Board of Arbitrators, . . ." After defendant's answer to the complaint was filed, the matter was heard by a Board of Arbitrators which rendered a decision for plaintiffs. Defendant appealed in due course, fully complying with the act and rules, and on its appeal it affixed a statement, "Jury Trial Demanded," signed by its attorney. Thereafter the matter came on for pre-trial before SMITH, J., who ignored the demand for a jury trial and ordered the case tried non-jury, presumably, because the demand for a jury trial had not been filed with the answer.

On October 10, 1961, a non-jury trial was conducted before BECK, J., in the absence of defendant and over the objection of defendant's counsel, who appeared for the sole purpose of objecting to the non-jury procedure and to again request a jury trial. Judgment was again entered for plaintiffs, and after dismissal of exceptions to the judgment as violative of its legal and constitutional rights, defendant appealed to this Court.

The only issue now to be resolved is whether defendant, by its failure to demand a jury trial at the

time it filed its answer to the complaint, waived its right to one.

The right to trial by jury "as heretofore" assured by article I, section 6, of the Pennsylvania Constitution may be dispensed with "by agreement filed" in civil cases under article V, section 27. Pursuant to the latter provision the legislature enacted the Act of May 5, 1911, P.L. 198, §8, since amended several times, and as presently stated (17 P.S. 634(pp)), provides that a litigant desiring a trial by jury, ". . . shall, at the time of filing his statement, endorse thereon, or file separately, a written demand . . . and, if no such demand is made by the plaintiff, but a trial by jury is desired by the defendant, he shall in like form, at the time of filing his answer, demand a trial by jury. . . ." It provides further that if neither party files such a demand he shall be deemed to have waived his rights to same; and also, that a demand for a jury trial may be withdrawn with the consent of the other party. However, it is silent on the right to withdraw a waiver and renew the right to a jury trial.

The failure to follow an established procedure to secure a jury trial has been held to be a waiver in satisfaction of the provision of article V, section 27, of the Constitution. *Wright v. Barber,* 270 Pa. 186, 113 A. 200; *Anderson v. Carnegie Steel Company,* 255 Pa. 33, 99 A. 215. The "right" to a jury trial may also be waived by express agreement. *Krugh v. The Lycoming Fire Insurance Company,* 77 Pa. 15, or by implication, *Cohen v. Sykes,* 180 Pa. Superior Ct. 427, 118 A. 2d 208, wherein the defendant, although first demanding a jury trial, engaged in a non-jury trial without objecting until three days after a verdict had been entered against him.

In *Rennekamp Supply Company v. Valicenti,* 178 Pa. Superior Ct. 13, 112 A. 2d 438, no demand for a jury trial was filed. However, the defendant, for the

first time on the appeal, argued that this was immaterial inasmuch as she had not filed a written waiver as required by the constitutional provisions. Her argument was rejected (opinion by Judge WOODSIDE) for the same reason as expressed by Judge, later Justice, LINN in *Grossman Brothers v. Goldman*, 85 Pa. Superior Ct. 205, 210: "After trial, with the intermediate proceedings already specified, in some of which he participated, but all of which he had actual notice, it is too late, by travelling back through the record and pointing to his own omission to comply with the statute as a ground for relief, to say he did not intend the effect of his conduct."

It is noted in the foregoing cases that some emphasis is placed on the fact that the complaining party delayed until after trial before objecting to a non-jury trial and asserting their right to a trial by jury. However, the real reason for refusing to recognize the right to a jury trial, after a litigant had not followed the act, is that by his failure to comply he has in fact agreed to a trial without a jury, and as with any other contract it may not be abrogated unilaterally without legal justification or cause. *Mathewson v. The Lehigh Valley Coal Co.*, 7 Pa. D. & C. 2d 91. This reasoning finds support in the constitutional provision in the words, "by agreement filed", in *Anderson v. Carnegie Steel Company*, supra, wherein by an agreement to accept the provision of the Workmen's Compensation Act the complaining party was held "conclusively presumed" to have agreed to waive his rights; in *Cohen v. Sykes*, supra, where an agreement to withdraw a demand for a jury trial was implied. The intent of the act under consideration was undoubtedly to supply such an agreement by implication in the absence of an expressed one.

Appellant argues, however, that since it was compelled to submit this case preliminary to arbitration

that it did not agree to waive a jury trial, and its demand for a jury trial as endorsed on its appeal from the decision of the arbitrators was timely.

Although appellant did not follow the statute and for that reason an implied agreement to waive might be concluded, nevertheless, to consummate a contract there must be an intention to be bound. Particularly is that true in the case of waiving an important legal or constitutional right. "To make proof of waiver of a legal right there must be clear, unequivocal and decisive action of the party with knowledge of such right showing a purpose to surrender such right on his part." *Cole v. Philadelphia Company*, 345 Pa. 315, 323, 26 A. 2d 920, 924. Furthermore, "Statutes impinging upon the right of trial by jury are likewise strictly construed." *Gordon, Secretary of Banking, v. Biesinger*, 335 Pa. 1, 6, 6 A. 2d 425.

We are of the opinion that it would be unreasonable to conclude in this case that this litigant intended to waive its rights to a jury trial at a time when the immediate exercise of that right was not in contemplation. When the pleadings were filed they were intended to outline the case for arbitration. In effect, when a matter is in arbitration it is out of court and within the jurisdiction of another tribunal. 3 P.L.E. Arbitration, §1. It is only after an appeal from the decision of the arbitrators has been perfected that the court assumes jurisdiction again for the purpose of a trial de novo, which, according to the results of investigation referred to by Mr. Chief Justice STERN in the *Smith Case*, 381 Pa. 223, 112 A. 2d 625, occurred in only five per cent of the cases submitted to arbitration. In the present case it was at the precise moment that defendant filed its appeal from the decision of the arbitrators that it demanded a jury trial, paid the jury fee, and otherwise complied fully with the appeal requirements.

Referring again to the *Smith Case,* supra, we note that concern is indicated by Mr. Chief Justice STERN about compulsory arbitration violating not only the provisions of the Pennsylvania Constitution but also the Due Process Clause of the Federal Constitution, and that compulsory arbitration can be sustained only when the right of appeal for a jury trial is preserved without any onerous conditions, restrictions, or regulations which would make the right practically unavailable; and that the right of trial by jury is a "sacred, inherent right of every citizen." (p. 238)

The issue before us was not decided in the *Grossman* case, supra. However, some indication of the thoughts of this Court at that time are indicated in the following words of Judge LINN (p. 209), "Assuming, without deciding, that up to the time of trial, if it had not been defendant's intention all along to waive a jury trial, he might have come in and demanded a jury trial, the fact is, he did not withdraw his apparent waiver and substitute a demand for it before the trial," and further, quoting from *Pusey's Appeal,* 83 Pa. 67, 70, "a jury trial, as a constitutional right secured to a party, is never presumed to be waived, unless in a clear case."

Although the Statutory Construction Act of May 28, 1937, P.L. 1019, article IV, section 51 (46 P.S. 551), provides that "When the words of a law are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit," we cannot follow it blindly and find an agreement to waive a constitutional right where none existed. As stated in *Girard Trust Company v. Philadelphia,* 369 Pa. 499, 87 A. 2d 277, "All laws should receive a sensible construction."

We do not believe that a strict construction of the act (17 P.S. 634(pp)) is justified in this case, and therefore hold that in the light of the pending com-

pulsory arbitration of this claim defendant did not impliedly waive its right to a trial by jury by its failure to file a demand for it with its answer, and that the demand filed with its appeal from the decision of the arbitrators was timely and proper.

The failure of defendant's counsel to appear at the pre-trial hearing does not affect our decision. Counsel may have subjected himself to censure and his client to sanctions, but to deprive it of this basic right was not justified.

Judgment reversed and a new trial by jury awarded.

RHODES, P. J., and WRIGHT, J., would affirm on the opinion of the court below.