IN

# THE·SUPREME COURT

OF

## PENNSYLVANIA.

WESTERN DISTRICT—PITTSBURG, 1874-75.

## Krugh *versus* The Lycoming Fire Insurance Company.

1. Persons insuring in a mutual insurance company are associated in the nature of limited or special partners.

2. An insurance company was incorporated by Act of Assembly in 1840 ; the insured to deposit a note in a sum fixed by the directors, of which ten per cent. was to be immediately paid and part or whole of the remainder when the directors should deem it requisite for the payment of losses and expenses, and at the expiration of the insurance, so much of the note as remained unpaid to be given up. A supplement in 1842, authorized a lien, waiving inquisition, on the property of the insured for the amount due on the note, the company filing a memorandum containing the name of insured, description of property, "amount of the note unpaid," &c. *Held*, that the act was valid.

3. Defendant insured in 1870, the policy stipulating that he accepted it subject to the terms, &c., of " the act of incorporation and by-laws," &c. *Held*, that this waived his right to require the company to collect an assessment on the note otherwise than by the Act of 1842.

4. The Constitution of the United States or of Pennsylvania did not preclude his waiving a trial by jury and agreeing to the manner in which judgment might be entered against him.

October 6th 1874.  Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR and GORDON, JJ.

Error to the Court of Common Pleas of *Allegheny county :* Of October and November Term 1874, No. 124.

This proceeding arose on an application by Adam Krugh, to strike off a judgment which was entered against him in favor of the Lycoming Fire Insurance Company for $192.50.

(15)

The judgment was entered June 26th 1872, in the Court of Common Pleas of Allegheny county, under the covenants, &c., of policy No. 113,010, issued by the Lycoming Fire Insurance Company, on the 10th of October 1870, to Adam Krugh, the defendant, by which " in consideration of the receipt of $7," the company insured him for five years against loss by fire, to the amount of $3000 ; on a house $2000, and on household furniture $1000.

Amongst the provisions of the policy were the following :—

" And the said assured has become a member of the said company, by depositing, in addition to the cash premium paid, his premium-note for the sum of two hundred and ten dollars, subject to assessment at such times as the board of directors may, by the act of incorporation, require." * * *

" And it is also agreed, that this policy is made and accepted subject and in reference to the terms and conditions of the act of incorporation. and by-laws of the said company, which are to be used and resorted to to explain or ascertain the rights and obligations of the parties hereto, in all cases not herein otherwise provided for."

The plaintiffs were incorporated by Act of Assembly of March 20th 1840, with the privileges and under the restrictions of the Bradford County Mutual Insurance Company, incorporated by Act of April 13th 1838.

By the 5th section of that act, it was provided that: " Every person who shall become a member of said corporation by effecting insurance therein, shall, before he receives his policy, deposit his promissory note for such a sum of money as shall be determined by the directors ; a part, not exceeding ten per cent. of said note, shall be immediately paid, and the remainder of said deposit note shall be payable in part or the whole at any time when the directors shall deem the same requisite, for the payment of losses by fire, and such incidental expenses as shall be necessary for transacting the business of said corporation, and at the expiration of the time of insurance, the said note, or such part of the same as shall remain unpaid, after deducting all losses and expenses during said term, shall be relinquished and given up to the maker thereof." * * *

It was further provided by the 8th section of the act, that suits at law might be maintained by the corporation against any member for the collection of the deposit-notes, or for any cause relating to the business of the corporation, &c.

By Act of July 26th 1842, Pamph. L. 426, a supplement to the act of incorporation, it was enacted :—

" Sect. 11. That the Lycoming Mutual Insurance Company shall have a lien waiving the right of inquisition upon all the said property of the insured to the amount of his deposit note, or so much thereof as shall remain unpaid, which shall continue till the

[Krugh *v.* Lycoming Fire Insurance Co.]

amount of such note, with interest and costs of execution if any, shall have been paid or satisfied, according to the provisions of the act to which this is a supplement, passed the 29th day of March 1840 : *Provided,* said company shall make out and deliver to the prothonotary of the county wherein such real estate shall lie, a memorandum of the name of the individual insured, a description of the property, the amount of the deposit note unpaid, and the term for which the insurance shall continue, and the prothonotary to whom the same is delivered is hereby required forthwith to file the same and enter the name of the individual or individuals insured, with the number of the premium-note in his ad sectum index or docket, in regular order, without tax or fee, and the same, when so filed and entered, shall be deemed and taken to be in all respects as a judgment upon confession by virtue of a warrant of attorney, and execution may at any time be had thereof for so much as by virtue of the provisions of this act may be due and demandable, but the lien thereof shall commence with the filing of such memorandum in the office of the prothonotary : *Provided,* that such lien shall not be construed to take from such persons insured as aforesaid the privileges of a freeholder : *Provided, also,* that before any execution shall be issued against the members of said company it shall be the duty of the officers of said company to cause to be made out a statement of the amount of premiums received, and the manner in which the money of the company has been expended, and file a copy thereof, attested by the oath or affirmation of the treasurer, in the office of the prothonotary of each county wherein members of said company reside who are to be affected by the issuing of such execution."

On the 26th of June 1872, the following affidavit was filed :—

" E. G. Krehan, agent for said company, being sworn says, that owing to losses sustained by said company, the said Adam Krugh in October 1871, was assessed on his premium-note (a copy of which is hereto attached), the sum of $26.25. That he was duly notified of said assessment, and payment demanded from him more than thirty days prior to this date, and that he has neglected and refused to pay the same, nor has said amount ever been paid to said company."

The premium-note of Krugh was as follows :—

" $210. For value received, in Policy No. 113,010, risk commencing the 6th day of October, A. D. 1870, issued by the Lycoming Fire Insurance Company, I promise to pay to the said company, or their treasurer for the time being, the sum of two hundred and ten dollars, in such portions, and at such time or times as the directors of said company may agreeably to their act of incorporation require. Witness my hand at Neville Township, the 7th day of October, A. D. 1870. ADAM KRUGH."

27 P. F. SMITH—2

[Krugh *v.* Lycoming Fire Insurance Co.]

The docket entry of the judgment was :—

"And now, June 26th 1872, in pursuance of the memorandum filed in this case by the plaintiff, containing the name of the party insured, a description of the property, and amount of the deposit note unpaid, with copy of note No. 113,010, and affidavit attached ; judgment is hereby entered against Adam Krugh, the defendant, for the sum of $192.50, being the unpaid balance due on his deposit note, waiving the right of inquisition, in accordance with the Act of Assembly, passed the 26th day of July 1842, sect. 11."

Fi. fa. No. —, Sept. T. 1872, for $192.50, interest and costs.

On the 4th of September 1872, on application of the defendant a rule was granted to show cause why the judgment should not be stricken off, for the following reasons :—

1. The judgment was entered without suit or warning to the defendant, and without warrant of attorney.

2. The judgment is a general one : whereas, if plaintiff was entitled to a judgment at all (which the defendant denies), it should be restricted in its lien to the property insured.

3. The defendant has paid regularly his annual assessment, and he verily believes that the assessment now sought to be collected in this summary way is unauthorized by law, and defendant has had no opportunity of properly investigating this claim, or defending himself against the same.

4. The whole proceedings in this case are irregular and unauthorized by law.

The rule was discharged May 28th 1873.

The defendants took a writ of error and assigned for error, discharging the rule and allowing execution to issue for $192.50, when it appeared by plaintiff's affidavit that but $26.25 were due.

*M. W. Acheson,* for plaintiff in error.—By this proceeding defendant's rights were adjudicated without his having an opportunity of being heard, contrary to the provisions of the Constitution of United States, Art. 5th and 14th, and of the Commonwealth, Bill of Rights, sect. 1. "The law of the land," does not mean an act of the legislature, but due process of law : Craig *v.* Kline, 15 P. F. Smith 413 ; Cooley on Constitutional Limitations 107, 362. In all judicial proceedings an opportunity to defend is necessary : Brown *v.* Hummel, 6 Barr 91 ; Norman *v.* Heist, 5 W. & S. 173 ; Banning *v.* Taylor, 12 Harris 293 ; Ervine's Appeal, 4 Id. 268. A judgment entered without authority should be vacated : Adams *v.* Bush, 5 Watts 291. Trial by jury, being a constitutional right, cannot be waived by implication : Trimble's Appeal, 6 Watts 133 ; Lauman *v.* Young, 7 Casey 306.

*J. A. Hazen, C. W. Robb* and *B. W. Cumming,* for defendants in error.—A policy of insurance, with its conditions, stipula-

[Krugh *v.* Lycoming Fire Insurance Co.]

tions, &c., is the law between the insurer and insured: West Branch Insurance Co. *v.* Helfenstein, 4 Wright 289 ; Susquehanna Insurance Co. *v.* Perrine, 7 W. & S. 348 ; Weisenberger *v.* Harmony Insurance Co., 6 P. F. Smith 442. In this policy the right of notice, hearing, &c., were waived, by the stipulation that it was accepted subject to the terms and conditions of the act of incorporation and by-laws of the company.

Acts similar to that under which this judgment was entered have been held to be valid : Lippincott *v.* Barker, 2 Binn. 174 ; Commissioners of Butler County *v.* Henry, 3 Penna. R. 26.

Mr. Justice MERCUR delivered the opinion of the court, November 16th 1874.

The defendant in error is a mutual insurance company. All persons who effect insurances therein, become associated together in a manner partaking of the nature of limited or special partners. The fund provided for the payment of losses, is mainly the premium notes given by the insured.

Losses are to be paid within ninety days after they are duly proved. The collection of an assessment on a premium note by a common law action, through the law's delay, would fail to produce the money in time to meet the obligations of the company. To obviate this difficulty, and to secure a more speedy collection, the Act of 26th July 1842, Pamph. Laws 426, was passed.

By effecting an insurance the plaintiff in error became a constituent member of the corporation. He voluntarily subscribed to all the terms and conditions of that act, and agreed with his fellow members to be bound thereby. He executed and delivered his premium note subject to all the provisions of that act. He accepted a policy which expressly declared that he had deposited the note " subject to assessment at such times as the board of directors may by the act of incorporation require." He thereby waived all right to compel the company to collect an assessment on his note, otherwise than said act authorized. There is nothing in the Constitution of the United States, nor in that of this Commonwealth, which precludes his waiving a trial by jury, and agreeing to the specific manner in which a judgment may be entered against him.

He failed to pay an assessment regularly made on his note, and due and demandable from him. The manner in which the company sought to enforce its collection was strictly in accordance with the conditions which he had imposed on himself. All the requirements of the statute were observed by the company in the entry of this judmgent.

The learned judge was therefore entirely correct in refusing to strike the judgment from the record.

The extent of the lien and what sum shall now be collected on the execution are not before us, and we intimate no opinion thereon.                                              Judgment affirmed.