# Simmons's Estate.

*Decedents' estates—Wills—Executors—Power to sell real estate —Sale by two of three executors—Equity—Injunction.*

1. Where a power to sell and convey real estate is vested in executors, all the executors whose renunciations are not of record must exercise the power and join in the conveyance.

2. The equitable doctrine of conversion has never been extended so as to change the mode of conveying real estate; the conveyance must be made by a formal and duly executed deed in writing.

3. Where one of several executors arbitrarily delays or prevents the sale of real estate which they are empowered by will to sell, a legatee or other party interested may invoke the assistance of the Orphans' Court in requiring him to act.

4. Where two of three executors under a will directing the conversion of testator's real estate attempt to convey the same without the concurrence and acquiescence of the third executor, who is living and has not filed a renunciation, such sale will be enjoined at the instance of a legatee. In such case the contention that the equitable conversion of the real estate operated so as to change the character of the real estate into personalty so that two of the executors could convey it, is without merit.

Argued ·April 25, 1916.   Appeal, No. 129, Jan. T., 1916, by James E.' Speed and John T. Speed,·Executors, from Decree of O. C. Erie Co., Nov. T., 1915, No. 84, granting order restraining executors from making conveyance of real estate in Estate of Nancy J. Simmons, deceased.   Before BROWN, C. J., MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ.   Affirmed.

Petition for order restraining James E. Speed and John T. Speed, two of the three executors of the estate of Nancy J. Simmons, deceased, from making sale of real estate.   Before WHITTELSEY, J.

The petitioner, Susan Maud Langsmesser, is a daughter of the decedent and one of the legatees named in the will.

Further facts appear by the opinion of the Supreme Court.

The lower court entered an order restraining James E. Speed and John T. Speed, executors, from selling or attempting to sell the property in question.   James E. Speed and John T. Speed, executors, appealed.

*Error assigned,* among others, was the order of the court.

*Clark Olds,* for appellants.—The equitable conversion effected by the will enables two of the three executors to convey the real estate as if personalty: Anewalts' App., 42 Pa. 414; Erisman, Trustee, v. Directors of the Poor, House of Employment of Lancaster County, 47 Pa. 509; Severn's Est. (No. 2), 211 Pa. 68; Brittain's Est., 28 Pa. Superior Ct. 144; Fesmire v. Shannon, 143 Pa. 201; Neel v. Beach, 92 Pa. 221.

*W. I. Gifford,* of *Gunnison, Fish, Gifford & Chapin,* for appellee.—The restraining order was properly entered: Heron v. Hoffner, et al., 3 Rawle 393; Neel v. Beach, 92 Pa. 221; Zeback v. Smith, 3 Binney 69.

OPINION BY MR. JUSTICE MESTREZAT, May 23, 1916:

The learned court below was clearly right in restraining the two executors from selling and conveying the real estate of the testatrix without the concurrence and acquiescence of the third executor, and the decree must, therefore, be affirmed. It is well settled by numerous decisions in this State that where a power to sell and convey real estate is vested in executors all the executors whose renunciations are not of record must exercise the power and join in the conveyance. This was decided more than three-quarters of a century ago in Heron v. Hoffner, et al., 3 Rawle 393, and has since been the accepted law of the State: Daily's App., 87 Pa. 487; Neel v. Beach, 92 Pa. 221. It is clear, therefore, that John T. Speed and James E. Speed could not legally sell and convey the real estate of Mrs. Simmons without the concurrence and acquiescence of Mr. Bliley, the third executor. The will provides, inter alia, as follows: "I order and direct that my executors, hereinafter named, shall at such time or times, as to them may seem best, sell and dispose of all my estate, real, personal and mixed, of whatsoever nature and wheresoever situate, at public or private sale, and by proper deed or deeds, conveyances or assurances in the law to be duly executed, acknowledged, and perfected to grant, convey and assure the said real estate to the purchaser or purchasers thereof, in fee simple," etc. The executors were authorized to rent the real estate, and to handle and care for it in the same manner as the testatrix could, if living, and in such manner as they may deem best, until it was sold. The proceeds of the sale were to be divided equally among the children and husband of the testatrix. The power to sell and convey, therefore, was vested in the three executors, and the testatrix directed that they "shall at such time or times as to them may seem best, sell and dispose of all my estate, real, personal and mixed." Letters testamentary were granted to the three executors named in the will, and none have died or renounced. It is ap-

parent, therefore, without any discussion, that the discretionary power conferred by the testatrix could not be exercised by less than the entire number of executors appointed by her will. It follows that the two executors could not convey the real estate without the acquiescence and consent of the third executor.

The contention of the appellants that the will works a conversion of the real estate into personalty, and that, therefore, it may be conveyed or transferred as a chattel, is without merit. We have been referred to no case which sustains the proposition. Conceding that the provisions in the testatrix's will worked a conversion of the real estate, it must be conveyed and transferred as land, and not as personal property. The equitable doctrine of conversion has never been extended so as to change the mode of conveying real estate. The conveyance must be made by a formal and duly executed deed in writing.

The learned counsel for the appellants suggest that the two executors should have been allowed to make the sale, report the amount of the bid to the court, and, if it was deemed adequate, the court should have required the third executor to join in the conveyance or be removed. This would have prevented the third executor from assisting in making the sale, which might have been very important to the legatees who will receive the proceeds. It must be assumed, from the fact that he was appointed one of the executors, that the testatrix reposed confidence in his judgment and business capacity and that she desired he should participate in fixing the price and securing a purchaser for the real estate. He should, therefore, have been given an opportunity to perform his duties as executor in making the sale, as well as in conveying the real estate. The other two executors had no right to ignore him or deprive him of an opportunity to perform his official duties.

The third executor cannot, as assumed by the appellants, arbitrarily delay or prevent the sale of the real estate. The Orphans' Court has ample power to compel

him to proceed to exercise the authority conferred on him by the will on the application of any interested party. This is pointed out in Severn's Est., 211 Pa. 68, 72, where it is said: "The discretion of the executrix was confined to the time and the terms of sale. She, however, was required to exercise her discretion in this respect so as to carry out the intention of the testatrix as disclosed by the will. She could not arbitrarily refuse to make a sale and thereby defeat the purposes of the will and prevent the legatees from receiving the proceeds of the property. Neither can she be permitted to unduly or indefinitely postpone a sale which will deprive the beneficiaries of realizing their legacies within a reasonable time, as is clearly contemplated in the will. Her discretion if thus exercised would defeat the manifest purpose of the testatrix."

If, therefore, the legatees or other parties interested in the estate believe that the third executor is acting capriciously or arbitrarily and is without cause delaying the sale of the real estate and thereby preventing a settlement of the estate, they should invoke the assistance of the Orphans' Court in requiring him to act in the premises. This will afford the legatees a speedy remedy for the alleged failure of duty on the part of the third executor, and also give him an opportunity to satisfy the court that he has a sufficient reason for refusing his consent to the proposed sale and not joining in the conveyance of the real estate.

The decree is affirmed.