Oil City National Bank, Exr., *v.* McCalmont, Exr., Appellant.

Argued March 16, 1931. Before FRAZER, C. J., WALL-ING, SIMPSON, KEPHART, SCHAFFER and MAXEY, JJ.

*W. D. Stewart,* of *Thorp, Bostwick, Stewart & Reed* and *G. G. Martin,* for appellant.—The court below was without jurisdiction: Williams v. Fowler, 201 Pa. 336; Bluestone v. DeRoy, 298 Pa. 267; Cohen v. Schofield,

299 Pa. 496; Warrington v. Brooklyn Trust Co., 274 Pa. 80; Heller v. Fishman, 278 Pa. 328.

The transaction was within the statute of frauds and hence there could be no estoppel: Llewellyn v. Coal Co., 242 Pa. 517; King v. Myers, 60 Pa. Superior Ct. 345; Kling v. Hummer, 3 P. & W. 349; Mott v. Kaldes, 288 Pa. 265; Hill v. Houpt, 292 Pa. 339; Neel v. Beach, 92 Pa. 221; Daily's App., 87 Pa. 487; Innis v. Templeton, 95 Pa. 262; Glidden v. Strupler, 52 Pa. 400; Schwoerdfeger v. Kelly, 223 Pa. 631; Winslow v. R. R., 188 U. S. 646; Silverthorne v. McKinstry, 12 Pa. 67.

The facts do not constitute an estoppel: Rutter v. Rutter, 292 Pa. 343; Crick v. Paull, 287 Pa. 431; Lawrence v. King, 299 Pa. 568; Spangler Brewing Co. v. McHenry, 242 Pa. 522; Hill v. Epley, 31 Pa. 331.

*P. A. Wilbert* and *Geo. F. Whitmer,* for appellee.— Equity has jurisdiction in this case: Williams v. Fowler, 201 Pa. 336; Bluestone v. DeRoy, 298 Pa. 267; Cohen v. Schofield, 299 Pa. 496; Heller v. Fishman, 278 Pa. 328; Wright v. Barber, 270 Pa. 186.

The statute of frauds has no application: McPherson v. Cunliff, 11 S. & R. 422; Spencer v. Jennings, 139 Pa. 198; Mechanics B. & S. Assn.'s Est., 202 Pa. 589, 593; Miller v. Dean, 199 Pa. 637; Leaming v. Wise, 73 Pa. 173, 176; Pearsall v. Chapin, 44 Pa. 9; Mahaffey v. Ferguson, 156 Pa. 156, 171; Morgan v. McKee, 77 Pa. 228, 231; Davidson v. Bright, 267 Pa. 580; Wills v. Fisher, 257 Pa. 487, 489; Johnson v. Fritz, 44 Pa. 449; Maple v. Kussart, 53 Pa. 348.

The facts constitute estoppel.

OPINION BY MR. JUSTICE SIMPSON, April 13, 1931:

Defendant, as surviving executor of his father's will, unsuccessfully appeals from a decree enjoining him from further proceeding with an action of ejectment which he had begun to recover possession of one of plaintiff's properties, and from instituting similar actions

against three others, his claims regarding all four being based on the same erroneous contention. In his statement of the questions involved (which limits the scope of his appeal: New York & Penna. Co. v. New York Central R. R., 267 Pa. 64; Hoffman v. Kline, 300 Pa. 485), he raises but four points: (1) Did equity have jurisdiction?; (2) Is the doctrine of oral ratification or estoppel applicable where the transaction is within the statute of frauds?; (3) Do the facts show ratification or estoppel?; (4) Were the proceedings defective for want of necessary parties? It is too late to raise the first and fourth of these points, and, in the view we take of the case, the second and third need no answer, because plaintiff's titles must be sustained on another ground.

Without raising any preliminary objection to the bill, without anywhere asserting a lack of jurisdiction in equity, and without seeking a jury trial of any of the issues, defendant pleaded to the merits and thereon tried the case. It was not until he presented his requests for findings of fact and conclusions of law, that the jurisdiction of equity was challenged. This was too late. By the Act of June 7, 1907, P. L. 440, "if the defendant desires to question the jurisdiction of the court, upon the ground that the suit should have been brought at law, he must do so by demurrer [or what is equivalent thereto, the formal demurrer being now abolished by the Equity Rules] or answer, explicitly so stating, or praying the court to award an issue or issues to try questions of fact; otherwise, the right of trial by jury shall be deemed to have been waived by both parties, and the cause shall proceed to a final determination by said court and upon appeal, with the same effect as if upon a hearing before the court, without a jury, upon agreement filed." If the question is thus raised, "that issue shall be decided in limine before a hearing of the cause upon the merits."

Defendant contends, however, that the statute cannot be sustained, because so doing would deprive him of a trial by jury, to which he is constitutionally entitled, and which he would have had in the action of ejectment which was enjoined by the decree. On this point, we said in Wright v. Barber, 270 Pa. 186, 189: "The purpose and effect of this act is not merely to justify a court of equity in deciding a case wherein it has general jurisdiction of the subject-matter, and the only question is as to its right to proceed in the particular instance; for this was the legal situation before the act was passed: Adams's App., 113 Pa. 449; Shillito v. Shillito, 160 Pa. 167; P. R. R. Co. v. Bogert, 209 Pa. 589; Smith v. McClure, 257 Pa. 168, 171. Nor is there any valid objection because of the constitutional provision as to jury trials, for it is only the 'right' of trial by jury which is to remain inviolate (Bank of Columbia v. Okely, 4 Wheaton 235, 244; Capital Traction Co. v. Hof, 174 U. S. 1; New York & Penna. Co. v. New York Central R. R. Co., 267 Pa. 64, 78), and this may be waived, either expressly or impliedly, by a failure to follow the method prescribed for determining that the parties desire it: Krugh v. Lycoming Fire Ins. Co., 77 Pa. 15; Anderson v. Carnegie Steel Co., 255 Pa. 33. Since the act is a remedial one, and therefore must be so construed as to 'suppress the mischief and advance the remedy' 'if it can be done by a reasonable construction in furtherance of the object' (Jones v. Beale, 217 Pa. 182; Rochester Trust Co. v. White, 243 Pa. 469), its meaning necessarily is that wherever the court would have had jurisdiction over the subject-matter of the bill had it been begun by an action at law, and in that event the case could have been tried by 'the court without a jury upon agreement filed,' it shall proceed in equity (if no objection is made 'by demurrer or answer explicitly so stating,' or, if made, is waived by the parties not having it decided 'in limine before a hearing of the cause on the merits'), exactly as if it was a proceeding on the law

side of the court, and was being tried 'without a jury upon agreement filed.' " In addition to what is there said, defendant had a constitutional right to have the case tried *without* a jury (Constitution of Pennsylvania, article V, section 27) ; a right of which he could not be deprived by legislation: Lummis v. Big Sandy Land & Mfg. Co., 188 Pa. 27. This constitutional right to a trial without a jury must be enforced wherever, as here, a defendant does not claim a jury trial at the time and in the way specified in the Act of 1907.

Defendant further contends that the Act of 1907 is not applicable in the instant case, because equity could not take jurisdiction of this class of controversies under any circumstances. What has been quoted above, answers this also, for admittedly the issues raised could have been determined "on the law side of the court ......'without a jury upon agreement filed.' " Moreover, bills quia timet are a well recognized branch of equity jurisdiction, and in proper cases may still be used (Dull's App., 113 Pa. 510; Sears v. Scranton Trust Co., 228 Pa. 126, 135; Heller v. Fishman, 278 Pa. 328, 334) ; and the jurisdiction may be sustained also, whenever, as here, to do so will result in avoiding a multiplicity of suits: Scheetz's App., 35 Pa. 88; Evans v. Reading Chemical Fertilizing Co., 160 Pa. 209; Sullivan v. Jones & Laughlin Steel Co., 208 Pa. 540; Kramer v. Slattery, 260 Pa. 234.

Nor is defendant's contention helped by the Act of March 8, 1889, P. L. 10, as amended by the Act of April 16, 1903, P. L. 212. Assuming that these statutes give an ample and exclusive legal remedy to a party in possession as against one out of possession, but claiming title to the land, this is but saying that, since the passage of these acts, a trial of such cases in equity will be denied, where the question is properly raised, because there is now an adequate remedy at law; but a defendant who wishes to insist on this, must, as in other cases where the jurisdiction may be challenged, make his ob-

jection in the way and at the time, and have the point decided, as provided by the Act of 1907, supra, or he will be deemed to have waived it. In this case defendant wholly failed so to do, but, as already stated, proceeded to try the case on the merits, without making any objection to the jurisdiction.

The contention that the proceedings are defective for want of necessary parties, is even less arguable. The bill is filed against David B. McCalmont, surviving executor of the last will and testament of S. P. McCalmont, deceased. The ejectment suit, which was enjoined, was brought by defendant himself in exactly that way. Under the will, decedent's estate is vested in his executors, and the survivors and survivor of them, in trust for certain remaindermen, whose rights must be worked out through the executors. In view of this, it was not necessary to specify the remaindermen in either suit; yet the failure to join them is the only reason for suggesting a lack of necessary parties in this case. Moreover, this objection was not even suggested in the court below, but was made for the first time in this court, which is, of course, not permissible (Schwartz v. Wesoky, 281 Pa. 388; Kohn v. Burke, 294 Pa. 282), especially as Equity Rule 69 in terms provides that nothing shall be assigned as error, which was not the subject of specific exception in the court below.

This brings us to the only substantial point in controversy. In considering this, it must be remembered that defendant admits "the facts of the case with one exception are undisputed"; this one has no bearing on the present question, and hence will not be found among those hereinafter stated, which are taken from the adjudication of the court below. By his will, S. P. McCalmont gave all his property to his wife and his two sons, James and David (the last named being the defendant) as executors, upon certain trusts not necessary to consider, and vested in his "executors or the survivors or survivor of them power to sell and to make deeds for

his real estate," and to invest the proceeds derived therefrom. Evidently recognizing that the sons were not as friendly to each other as might be desired, testator added at this point: "Should any differences arise among my executors the decision shall rest with my wife." It is clear that such differences did arise. Defendant in his answer says "that from practically the inception of the trust in the summer of 1904, down to about June 3, 1912, the said James Donald McCalmont [one of the executors] against my will and over my protest and objection took exclusive possession of all the assets of said estate and assumed exclusive control of the business, and during the whole of said period refused to permit me...... to participate in the management of the business or to have possession of any of the assets of said estate...... and refused and denied to me all knowledge of the true condition of the estate and all means of knowledge thereof...... If I had had an opportunity to pass judgment upon the advisability of such sales [that is, the four sales to plaintiff herein referred to] I would not only have refused to join in the execution of such deeds, but would have been prepared to give valid and forceful reasons why such sales should not have been made."

While these differences existed between the two sons, the mother and James, as executors, sold the four properties to plaintiff, "fairly and honestly and for their full value" (no complaint being made in either respect), two in 1906, one in 1907 and one in 1909, and executed four several deeds to plaintiff therefor, defendant not joining therein, however. Plaintiff paid the purchase price of the four tracts in full to the executors, part thereof by two judgment notes, which, after the decease of the other executors, were paid to defendant in December, 1912. The latter then knew these payments were the balance of the purchase price of the tracts, but made no objection to the fact of the sales or to the adequacy of the amounts paid by plaintiff, nor, so far as appears,

did he ever object to either until the late spring of 1919, when he tendered back the amount paid for one of the properties with interest, without including or offering to include anything for the expenses which plaintiff had incurred, but offered to repay the taxes plaintiff had paid if the latter would account for certain timber he was alleged to have cut from that tract. The tender being refused by plaintiff, defendant brought an action of ejectment for that tract, as above referred to, and threatened to bring ejectments for the other three tracts also.

In the meantime, on May 29, 1914, after defendant knew of the fact of the sales and the payment of the purchase price, he, together "with all the heirs of said estate and the legatees and devisees under said will, entered into an agreement or family settlement in which they stated they were 'fully aware of the facts' relating to the settlement of the estate, which settlement included all the purchase money received for the four tracts of land conveyed [to plaintiff] with a listing of all the [remaining] assets of said estate, setting forth in detail the tracts of land then belonging thereto, which list did not include any of the four tracts hitherto conveyed" to plaintiff.

Defendant's sole contention in the court below was that, as the power of sale was to the executors of the will jointly, and as he, though one of the executors, did not join in the deeds, no title passed thereby, and for this he relies on Simmons's Est., 254 Pa. 231, and the cases cited therein. Those decisions are inapplicable here. In none of them was there any clause similar to that appearing in the instant case: "Should any differences arise among my executors [respecting the exercise of the power of sale], the decision shall rest with my wife." As we have already pointed out, admittedly such differences arose years before the sales to plaintiff and continued uninterruptedly until after the execution and delivery of the deeds. Defendant seems to think that it is

not important that the widow knew of and resolved those differences in favor of making the sales, and joined with his brother in executing the deeds to plaintiff, since she did not call a meeting of the executors, and, after hearing their stories, decide between them. Possibly this would have been a wise thing to do, but it is not a requirement of the will. The mother knew of those differences and doubtless felt that to call such a meeting would have resulted in further unpleasantness only. Whether or not this be so, however, the will says the decision as to whether or not the sales should be made "shall rest with my wife." She decided that they should be, probably because, as already stated, the sales were made "fairly and honestly" and the prices realized were the "full value" of the tracts. Defendant admits he would not have joined in the deeds even if he had been requested so to do. Those executed by the widow and the other executor were only putting into effect the decision made by her as the will authorized, and hence they each passed a good title to plaintiff. For this reason it is not necessary to decide whether or not the court below correctly determined that defendant's actions, some of which are quoted above, estopped him from challenging the validity of those titles.

The decree of the court below is affirmed and the appeal is dismissed at the cost of appellant.