## Baranofsky, Appellant, *v.* Weiss.

Argued October 11, 1935.

Before KELLER, P. J., BALDRIGE, STADT-FELD, PARKER, JAMES and RHODES, JJ.

*David S. Malis,* for appellant.

*Bertram U. Weinberg,* with him *Maurice G. Weinberg,* for appellee.

OPINION BY RHODES, J., December 11, 1935:

The plaintiff brought an action of replevin for certain fixtures leased to the defendant. The court below, sitting without a jury, found for the plaintiff, subject to the condition that she pay the defendant the sum of $551.25, for which the defendant was held to have had an equitable lien upon the chattels in question. The court subsequently amended its finding, and entered judgment in favor of defendant in the sum of $551.25. From this judgment, the plaintiff appeals to this court.

The plaintiff, Rose Baranofsky, and her husband,

Harry Baranofsky, on March 4, 1932, made a lease with the defendant whereby they sublet to him the premises at No. 206 S. 60th Street, Philadelphia, and the personal property, consisting of the equipment of a butcher shop, located thereon. The rental was $50 per week, and the term one year and seven months. The lease also provided:

"It is further understood and agreed that the personal property let herein is the property of said Rose Baranofsky, and that the said lessee will use the same in a good and careful manner and will return said personal property in the same condition as they now are, reasonable wear and tear excepted.

"The said lessee agrees to give to the said lessors the sum of $500.00 as security for the faithful performance of each and every covenant of this agreement or any extension thereof incumbent upon said lessee to be performed. In the event of a default by the said lessee of any of the covenants herein incumbent upon him to be performed the said $500.00 will be forfeited as liquidated damages. If however, the said lessee performs all the covenants incumbent upon him to be performed, then at the expiration of the term of this agreement or at the expiration of any renewal or extension thereof the said sum of $500.00 shall be returned by the lessors to the said lessee."

A mortgage on the leased premises was foreclosed and the owner divested of his title in October of 1932. The lease for the premises by the owner to the plaintiff's husband, Harry Baranofsky, was thereby rendered void, and the lease by the Baranofskys to the defendant was likewise thereby cancelled for the balance of the term. Thereafter no rental was paid by the defendant to the Baranofskys, the lessors. The defendant advised the plaintiff and her husband that they return the $500 deposit paid to them by him, under their lease, and take back the leased fixtures.

Rose Baranofsky, one of the lessors, thereupon brought an action in replevin to recover the leased fixtures. As plaintiff, she filed her bond and received possession of the goods replevied.

The defendant, in his affidavit of defense, did not claim ownership of the property replevied, but claimed a lien upon these fixtures to the extent of $500, which amount he had deposited with the plaintiff, Rose Baranofsky, and her husband, Harry Baranofsky, in accordance with the terms of the lease.

The appellant submits seven assignments of error. The first assignment of error is to the court's finding that the defendant had an equitable lien on the leased fixtures. The fifth assignment of error relates to the entry of judgment by the court below, in favor of the defendant and against the plaintiff, in the amount of $551.25.

The plaintiff having filed her bond and received possession of the fixtures, the defendant is entitled to a judgment for the amount of any lien which he had thereon. Saxton v. Gemehl, 72 Pa. Superior Ct. 177, 182. The appellant contends that in this action of replevin the sole issue is the title and right of possession of the property, and that the defendant could not set up a counterclaim thereto. The defendant did not allege a counterclaim against the plaintiff, but averred that he had a lien on the leased goods. Although the general rule is that no set-off is allowable in replevin, a lien or charge upon the goods replevied is properly asserted in such an action. Mitchell et al. v. Standard Repair Co., 275 Pa. 328, 119 A. 410.

In substance, the appellant's position is that she is entitled to recover the leased fixtures, and that defendant must bring a separate action if he wishes to recover the $500 deposit made with her and her husband. The lease, which is the basis of this action and which is a part of the plaintiff's declaration, covered both the real

estate and the personal property. The lease was signed by the appellant, Rose Baranofsky, and her husband, Harry Baranofsky. Both are bound by the provisions of their agreement with the defendant. There can be no escape on the part of the appellant by instituting the action of replevin individually, on the ground that she is the owner of the leased fixtures. She and her husband are joint lessors. They cannot severally or jointly retain the $500 which was deposited by the defendant, while appellant recovers the leased personal property, if defendant had a lien thereon. The deposit applied to all of the covenants of the lease to be performed by the defendant. He performed his part of the lease and duly paid the rental of $50 per week for the real and personal property therein leased.

The appellant cannot claim the benefits under one part of the lease, and disclaim liability under another. The defendant, by the terms of the lease, agreed that he would, as lessee, "use the same [personal property] in a good and careful manner and will return said personal property in the same condition as they now are, reasonable wear and tear excepted." This is one of the "covenants incumbent upon him to be performed." As security for the performance of this covenant, among others, he deposited $500 with the appellant and her husband, as joint lessors. The lessors agreed that if the "lessee performs all of the covenants incumbent upon him to be performed, then at the expiration of the term of this agreement or at the expiration of any renewal or extension thereof the said sum of $500 shall be returned by the lessors to the said lessee." The term of the lease came to an end; there was no default upon the part of the defendant, the lessee.

We are of the opinion that the defendant had a lien upon the leased personal property. The term "lien" has often been judicially defined. "A lien is a claim

which one person has upon the property of another as a security for some debt or charge; a tie that binds property to a debt or claim for its satisfaction": 5 Words and Phrases, p. 4144. See Young v. Couche, 52 Pa. Superior Ct. 592, p. 595. "In fact if a transaction resolve itself into a security, whatever may be its form, and whatever name the parties may choose to give it, it is in equity a lien": 17 R. C. L. 604, §13. An equitable "lien arises either from a written contract which shows an intention to charge some particular property with a debt or obligation, or is implied and declared by a court of equity out of general considerations of right and justice as applied to the relations of the parties and the circumstances of their dealings": 10 R. C. L. 351, §100.

It appears to us that the situation existing between the appellant and the defendant fairly answers every requirement requisite for the creation of a lien, on the part of the defendant, on the goods leased to him and replevied by the appellant. The court below was correct in finding that the defendant had an equitable lien on the leased fixtures, and the entry of judgment in favor of the defendant was proper.

We shall briefly consider the remaining assignments of error.

The second assignment of error is to the refusal of the plaintiff's motion to amend the court's finding to read: " 'The court finds for the plaintiff' without any conditions whatsoever." The fourth assignment of error is to the granting of defendant's motion to amend the finding of the court and for the entry of judgment in favor of the defendant. These assignments of error are overruled. The appellant was not prejudiced by the action of the court below in amending its finding. The final judgment was entered in accordance with the proofs. We might add that the appellant's statement of questions involved, which limits the scope of

the appeal (Reese v. City of Pittsburgh et al., 313 Pa. 32, 169 A. 366), does not present the question of amendment of the finding of the court below for our decision. The sixth assignment of error relates to the admission of defendant's testimony concerning an alleged conversation with Harry Baranofsky, husband of the appellant. There is no merit in this assignment, as the defendant testified that his conversation was with both the appellant and her husband, Harry Baranofsky. The seventh assignment of error pertains to the admission of testimony concerning the sheriff's sale of the leased premises. We are of the opinion that this testimony was relevant, in view of the fact that the appellant executed the lease which covered both the real estate and personal property, and was a party thereto. The third assignment of error is to the refusal of the plaintiff's motion for new trial. A new trial was properly refused by the court below.

All of the assignments of error are overruled, and judgment of the court below is affirmed.