389 A.2d 671

## The HAWLEY BANK

v.

**Aldo J. SANTINI, Veronica Santini, his wife, Appellants.**

Superior Court of Pennsylvania.

Argued June 15, 1977.

Decided July 12, 1978.

204

Robert P. Browning, Scranton, for appellants.

Richard D. Ballou, Honesdale, with him William J. Dempsey, Scranton, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

The question on this appeal is whether the lower court abused its discretion in failing to grant appellants, Aldo and Veronica Santini, a jury trial.[1]

Appellee, Hawley Bank, contracted to sell the Santinis a parcel of land, improved with residence and lodge structures, together with a liquor license. The real estate transaction was closed on February 11, 1972, but difficulties were encountered in transferring the liquor license. Assured by the Bank's attorney, who also represented them in the transaction, that the transfer would nonetheless be carried out, the Santinis liquidated other assets to secure capital and spent money refurbishing the residence and the lodge. In the meantime, the liquor license expired. In December, 1972, the Bank succeeded in having the license reinstated and notified the Santinis that it was ready for transfer. The Santinis, however, had by then spent all their funds, had lost

---

1. Appellants also argue that the damages awarded by the lower court were inadequate, but we do not reach this issue.

the revenue for the summer season, and were unable to complete the transaction.

On May 2, 1973, the Bank brought an action in ejectment and incorporated a demand for money damages. After preliminary objections, the Bank filed an amended complaint on June 7, 1973. On June 21, 1973, the Santinis filed an answer and new matter, setting forth their claim to ownership of the land, and counterclaiming for money damages arising out of the Bank's alleged breach of contract in being unable to transfer the liquor license sooner. On July 10, 1973, the Bank filed an answer to the new matter and counterclaim. Under Pa.R.Civ.P. 1007.1 the Santinis then had twenty days within which to demand a jury trial. Because of counsel's inadvertence, however, no demand was filed. On October 11, 1973, the Bank asked and received the court's permission to file an amended answer. On October 23, 1973, this amended answer was filed, but it was not properly served, because it was served on the Santinis, not, as required by Pa.R.Civ.P. 1027,[2] on the Santinis' counsel, whose address was endorsed on the prior pleading, *i.e.*, on the Santinis' answer, new matter, and counterclaim. Although counsel was present when the Bank asked permission to file the amended answer, the Santinis apparently never notified counsel that the amended answer had been served on them.

On April 11, 1975, the Bank moved for summary judgment. On April 23, 1975, the Santinis petitioned for a jury trial, *nunc pro tunc.* On June 6, 1975, the Bank's motion and the Santinis' petition were both denied and the case was set for trial on September 8, 1975. During the trial the Santinis' counsel first learned that an amended answer had been filed by the Bank.

The trial judge denied the Bank's demand for possession and assessed damages of $5,000 in favor of the Santinis. The Santinis filed exceptions, arguing that they should have

2. This rule requires that a pleading be served "by leaving a copy for or mailing a copy to [a party] at the address endorsed on an appearance or prior pleading of the party . . . ."

been granted a trial by jury, and that the damages assessed were inadequate, but the lower court dismissed the exceptions. The court held that the Santinis had waived their right to a trial by jury. The Santinis had demanded damages of some $72,000, but the court said that "[v]ery few of these damages were established by credible testimony and for this reason were ignored." Slip Opinion of lower court at 6. Judgment was entered and this appeal followed.

The Santinis' argument in support of their right to a jury trial is a technical one. Under Pa.R.Civ.P. 1007.1, a demand for a jury trial is required to be made "not later than twenty (20) days after service of the last permissible pleading." The Santinis argue that since the last permissible pleading—the Bank's amended answer—was never properly served, the period for demanding a jury trial never expired; they concede that their counsel *believed* it had expired, and therefore thought he was required to petition for a jury trial *nunc pro tunc,* but point out that counsel had this belief only because he was unaware of the Bank's amended answer, the Bank never having sent him a copy of it, as required by Pa.R. Civ.P. 1027.

In holding that the Santinis had waived their right to a jury trial the lower court adopted an equally technical argument. It said that by filing a petition for a jury trial *nunc pro tunc* the Santinis had admitted their tardiness, and that because no exception was taken to the court's denial of the petition or to the court's statement at the opening of the trial that it would be a nonjury trial, the Santinis had lost their opportunity to complain. To this the Santinis counter that since their counsel did not yet know of the Bank's unserved amended answer, he had no reason to take any exception, either to the court's denial of their petition or to the court's ensuing statement (implicit in the denial) that the trial would be a nonjury trial.[3]

---

**3.** The Bank also argues that when the Santinis' counsel learned of the amended pleading, he should have requested a jury trial and since he did not, the point was waived. However, when counsel learned of the pleading, N.T. 10–14, the trial was already under way.

Technically, the Santinis' and the lower court's respective arguments are equally persuasive, or unpersuasive. In this circumstance we incline to the Santinis. The right to a jury trial is of constitutional origin. *U.S.Const.* amend. VII; *Pa.Const.* art. 1, § 6.

> Since the right involved is a constitutional right, it can be expected that the courts will be flexible in permitting delayed demands for jury trial, in the light of the principles set forth in Rules 126 [liberal construction of rules] and 248 [modification of prescribed time periods] . . .

1 *Goodrich-Amram 2d,* § 1007.1(a): 1 at 481.

A further consideration, not much more than a make-weight, is that Rule 1007.1 which reversed the longstanding practice of requiring an affirmative jury waiver as distinguished from the present practice of waiver unless demand is made, went into effect on October 1, 1972, ten months before the inadvertent waiver 20 days after the Bank's "last" pleading on July 10, 1973. While we acknowledge that counsel is obliged to keep informed of changes in rules, the fact that here the change was relatively recent should be given some weight in deciding whether a constitutional right has been waived. Finally, we note the period between June 6, 1975, when the Santinis' petition for a jury trial was denied, and September 8, 1975, when the case was set for trial and in fact was tried. If the Santinis' petition had been filed immediately before the date set for trial, and some inconvenience or prejudice would have resulted from granting it, our decision might well be different. In fact, however, no reason appears why, since the case would not be tried until September anyway, it should not have been tried by a jury.

Judgment reversed, and case remanded for a jury trial.

JACOBS, President Judge, and VAN der VOORT, J., concur in the result.

208

PRICE, J., dissents.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.