Carlynton School District, Appellant v. John C. Keisling, Appellee.

Argued December 5, 1979, before Judges WILKINSON, JR., BLATT and CRAIG, sitting as a panel of three.

*Larry P. Gaitens,* with him *Lucchino, Gaitens & Hough,* for appellant.

*Raymond F. Keisling,* with him *Will & Keisling,* and *Joseph M. Ludwig,* for appellee.

OPINION BY JUDGE WILKINSON, JR., January 18, 1980:

The issue before this Court is the propriety of the Court of Common Pleas of Allegheny County's order overruling the preliminary objections of the appellant (defendant) school district to the appellee's (plaintiff) complaint in assumpsit. The complaint alleged a breach of contract by the defendant in its failure to pay plaintiff a salary increase which defendant allegedly owed in accordance with an agreement reached by plaintiff and defendant in which plaintiff agreed to a demotion from high school principal to elementary school principal and defendant agreed that the plaintiff's salary scale would remain that of a high school principal.

Defendant's preliminary objections contend that the lower court had no jurisdiction over the subject matter in this litigation because the exclusive procedure for resolving disputes involving the demotion of a professional employee is found in Section 1151 of Article XI of the Public School Code of 1949 (Code), Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §11-1151. Defendant relies on our decision in *Robinson v. Abington Education Association,* 32 Pa. Commonwealth Ct. 563, 379 A.2d 1371 (1977) wherein we held that an action in equity was not available to contest an alleged improper demotion.

Judge R. STANTON WETTICK of the Court of Common Pleas of Allegheny County found that the plain-

tiff was not contesting his demotion. Indeed, the basis for the action was a signed agreement to the demotion. Therefore, Section 1151 of the Code was inapplicable and plaintiff had no statutory remedy for challenging the defendant's refusal to pay him under the agreement. We cannot improve on Judge Wettick's able opinion, dated January 4, 1979, docketed at No. 6424 of 1978, and will affirm on that basis.

Accordingly, we will enter the following

ORDER

And Now, January 18, 1980, the order of the Court of Common Pleas of Allegheny County dated January 4, 1979, and docketed at No. 6424 of 1978 is affirmed.

This decision was reached prior to the expiration of the term of office of Judge DiSalle.