## Selck-Minnerly Group, Inc. v. Matthews International Corp.

*William G. Boyle*, for plaintiff.
*Eric P. Reif*, for defendant.

WETTICK, *J.*, January 30, 1980—This assumpsit action to recover fees for services allegedly rendered was commenced by complaint on September 14, 1979. Defendant filed an answer to plaintiff's complaint on November 1, 1979. Neither pleading contained a written demand for a jury trial. On or about December 28, 1979, defendant petitioned to file an amended answer in which it would set forth a written demand for a jury trial. Defendant alleges that the reason for its failure to

request previously a jury trial in this action was an oversight of counsel.

Although plaintiff opposes this petition, it acknowledges that it will suffer no prejudice from defendant's delay in requesting a jury trial. Plaintiff, citing Pa.R.C.P. 1007.1(a), contends simply that defendant has waived its right to a jury trial. This procedural rule on which plaintiff relies reads as follows:

"In any action in which the right to jury trial exists, that right shall be deemed waived unless a party files and serves a written demand for a jury trial not later than twenty (20) days after the service of the last permissible pleading. The demand shall be made by endorsement on a pleading or by a separate writing."

We agree with plaintiff that the case law holding that the right to amend pursuant to Pa.R.C.P. 1033 shall be liberally granted does not govern defendant's petition. Because the procedures for requesting a jury trial are specifically governed by Rule 1007.1(a), this court's decision on whether to give defendant permission to demand a jury trial out-of-time depends upon the extent to which the requirements of Rule 1007.1 shall be strictly enforced.*

---

*In determining whether the requirements of Rule 1007.1(a) shall be strictly enforced, we recognize that the Rules of Civil Procedure do not necessarily use the word "shall" in a mandatory sense. Although Pa.R.C.P. 1026 provides that pleadings "shall" be filed within 20 days after service of the preceding pleading, our appellate courts permit late pleadings to be filed in the interests of justice if the opposite party is not prejudiced: Paulish v. Bakaitis, 442 Pa. 434, 275 A. 2d 318 (1971); Fisher v. Hill, 368 Pa. 53, 81 A. 2d 860 (1951).

The right to a jury trial is of constitutional origin (United States Constitution, Amendment VII; Pennsylvania Constitution, Art. 1, §6) and "'[s]tatutes impinging upon the right of trial by jury are . . . strictly construed.'" Neely v. J.A. Young & Co., 198 Pa. Superior Ct. 196, 201, 181 A. 2d 915, 917-8 (1962). Furthermore, our appellate courts have recognized "the important policy preference in favor of preserving . . . the constitutional right to a jury trial" and will therefore not permit the right to trial by jury to be burdened by the imposition of conditions which serve no meaningful purpose: Dickerson v. Hudson, 223 Pa. Superior Ct. 415, 423, 302 A. 2d 444, 448 (1973). Thus the Pennsylvania Supreme Court did not exclude Rule 1007.1 from the provisions of Pa.R.C.P. 126 which permits the court at any stage of any action to disregard any error or defect of procedure which does not affect the substantial rights of the parties and Pa.R.C.P. 248 which permits the court to extend the time prescribed by any rule of civil procedure for the doing of any act. See Gilmer v. Philadelphia Transportation Co., 237 Pa. Superior Ct. 57, 346 A. 2d 346 (1975); Hawley Bank v. Santini, 256 Pa. Superior Ct. 203, 389 A. 2d 671 (1978).

In exercising our powers under these rules, we should not deny the right to a jury trial to a party who has not knowingly waived this right in the absence of prejudice to an adverse party or inconvenience to the court: Neely v. J.A. Young & Co., supra. The reading of the rules in this fashion is supported by the cases of Gilmer v. Philadelphia Transportation Co., supra, and Hawley Bank v. Santini, supra, which reversed trial court denials of requests for jury trials. In the Gilmer case, the trial court denied an untimely request for a jury trial of a party who had relied on an invalid local rule; the

Superior Court reversed, holding that "equity and the spirit and purpose of Pa.R.C.P. No. 126 dictate that it [appellant] should not be penalized where it intended to comply with the rules but was misled by the interpretation erroneously placed on them by the local courts." 237 Pa. Superior Ct. at 61, 346 A. 2d at 349. In Hawley Bank v. Santini, the court resolved a technical argument in favor of the party who had requested a jury trial, stating that "[i]f the Santinis' petition had been filed immediately before the date set for trial, and some inconvenience or prejudice would have resulted from granting it, our decision might well be different. In fact, however, no reason appears why, since the case would not be tried until September anyway, it should not have been tried by a jury." 256 Pa. Superior Ct. at 207, 389 A. 2d at 673-4. Also see Barron v. Della Penna, 8 D. & C. 3d 593 (1978), which in the interest of justice extended Rule 1007.1's time limitations; see, however, Haugh Realty, Inc. v. Stefanko, 9 Centre 339 (1974), which strictly construed Pa.R.C.P. 1007.1(a).

This court's reading of the rules to permit a demand for a jury trial to be filed out-of-time is also supported by 1 Goodrich-Amram 2d §1007.1(a):1: "Since the right involved is a constitutional right, it can be expected that the courts will be flexible in permitting delayed demands for jury trial, in the light of the principles set forth in Rules 126 and 248, supra."

Because we hold that Rule 1007.1(a) does not bar a court from permitting the late filing of a demand for a jury trial in the absence of a showing that some inconvenience or prejudice will result from the delay in requesting a jury trial, defendant's petition will be granted.

## ORDER

On this January 30, 1980, it is hereby ordered that the petition of Matthews International Corporation for leave to file an amended answer requesting a jury trial is granted.