512 A.2d 1346

John C. Keisling, Appellant *v.* Carlynton School District, Appellee.

Argued March 13, 1986, before Judges COLINS and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Raymond F. Keisling, Will, Keisling, Ganassi &
McCloskey,* for appellant.

*Larry P. Gaitens, Gaitens & Tucceri, P.C.,* for
appellee.

OPINION BY JUDGE COLINS, July 24, 1986:

John C. Keisling (appellant) was formerly a high
school principal in the Carlynton School District
(appellee). Because of an administrative reorganization,
the appellant was reassigned to the position of elemen-

tary school principal. Appellant was displeased with this reassignment and consequently appealed to the School Board; however, during the course of that appeal, the parties reached a settlement, and executed a contract reflecting the terms of this settlement. The contract provided that appellant would accept the reassignment without a reduction in salary and that his salary scale would be that presently in effect for a high school principal.

The following year a dispute arose between the parties concerning computation of appellant's salary increase, which appellant asserted would have been larger if computed according to the terms of the settlement agreement. Therefore, he filed an action in assumpsit in the Court of Common Pleas of Allegheny County.[1] The matter proceeded to arbitration, and an award was entered for the appellee, from which appellant appealed to the trial court, demanding a jury trial.

Pursuant to Pa. R.C.P. No. 212, and an Order of the Supreme Court of Pennsylvania, 9 Pa. B. 3936 (1979),[2]

---

[1] The appellee filed Preliminary Objections to this complaint averring a lack of subject matter jurisdiction. Appellee contended that the exclusive procedure for resolving disputes involving the demotion of a professional employee is found in Section 1151 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §11-1151, which provides that an appeal must be taken to the Superintendent of Public Instruction. The Preliminary Objections were overruled by the trial court, after which appellee appealed to this Court. We affirmed, based on the opinion of the trial court, because the appellant was not contesting his demotion, but rather a failure to abide by the terms of a contract. *Carlynton School District v. Keisling,* 48 Pa. Commonwealth Ct. 555, 410 A.2d 921 (1980).

[2] While a pre-trial conference is discretionary under Pa. R.C.P. No. 212, the Supreme Court order mandates that a conference be held, specifically stating: "Unless dispensed with by the court as unnecessary, a pretrial settlement conference shall be held in each civil case."

the trial court scheduled a pre-trial/conciliation conference for March 1, 1982, and assigned a trial date of March 11,1982. Both dates were published in the Pittsburgh Legal Journal pursuant to Allegheny County Local Rule (A.L.R.) No. 212(II).[3] The appellant's attorney does not dispute that this notice was given, nor its adequacy, but forthrightly admits his failure to read the notice. Because he was unaware that a pre-trial conference was scheduled, he failed to file a pre-trial statement, containing a list of damages and witnesses, as required by A.L.R. No. 212 (VI) (A) (1). He also failed to appear at the conference.

Upon written motion of the appellee, the trial court imposed sanctions upon the appellant for his attorney's failure to attend the pre-trial conference and to file a pre-trial statement. Specifically, the trial court issued an order prohibiting the appellant from presenting any evidence on liability or damages. Further, the court directed that the case go to trial without a jury, considering appellant's failure to appear a waiver of his jury demand. Appellant's attorney asked the court to reconsider, and the court subsequently modified its order, permitting the appellant to present his own testimony and such other evidence as had been presented at the arbitration hearing, and prohibiting only such testimony not made known to the appellee. No jury was impanelled.[4] A trial was held and judgment entered for the appellee. This appeal followed.

There are two questions presented for our consideration by this appeal: (1) whether a trial court may deny

---

[3] The Supreme Court Order also specifically mandated that each court shall establish by local rule a pretrial settlement conference list, and fix the method of placing actions on such list.

[4] The record indicates that appellant appealed from the trial court's first order interlocutorily to this Court, which appeal was quashed because of its interlocutory nature.

a party's right to a jury because his attorney failed to attend a pre-trial conference; and, if so, (2) whether the trial court committed an error of law by interpreting the contract provisions in favor of the appellee. Since we find that the trial court erred in its resolution of the first issue, we will exclude discussion of the second from this opinion.

In considering the constitutional right to a jury trial, we must first note that the United States Constitution does not require states to provide jury trials in state civil cases. *Minneapolis & St. L.R. Co. v. Bombolis,* 241 U.S. 211 (1916); *See Walker v. Sauvinet,* 92 U.S. 90 (1875). (A trial by jury in suits at common law pending in the State courts is not a privilege or immunity of national citizenship which the States are forbidden by the Fourteenth Amendment to abridge.) Therefore, the right in this case must be examined in light of the Pennsylvania Constitution. Article I, Section 6 of the Pennsylvania Constitution provides: "Trial by jury shall be as heretofore and the right thereof shall remain inviolate."

This right may be waived, either expressly or by implication. *Wright v. Barber,* 270 Pa. 186, 113 A. 200 (1921); *Warden v. Zanella,* 283 Pa. Superior Ct. 137, 423 A.2d 1026 (1980); *Cohen v. Sykes,* 180 Pa. Superior Ct. 427, 118 A.2d 208 (1955). Non-appearance for trial has been considered an implicit waiver. *Lovering v. Erie Indemnity Co.,* 412 Pa. 551, 195 A.2d 365 (1963); *McFarlane v. Hickman,* 342 Pa. Superior Ct. 240, 492 A.2d 740 (1985); *Downs v. Scott,* 201 Pa. Superior Ct. 278, 191 A.2d 908 (1963).

Appellee places great weight upon *McFarlane* as authority for the correctness of the trial court's action in ordering the case to be heard sans jury. In *McFarlane,* the Superior Court characterized the defendant's failure to appear for trial as a waiver of his right to demand a

jury trial. The critical language reads as follows: "If a defendant fails to respond to the notice of a trial he forecloses himself from complaining later that he did not have a jury trial." *McFarlane,* 342 Pa. Superior Ct. at 246, 492 A.2d at 743, quoting *Lovering.* However, appellee ignores the critical fact that the defendants in both *McFarlane* and *Lovering* received notice of the trial and then failed to appear. In the instant matter, there is no indication in the record that the appellant ever received notice from the court, or his attorney, of the pretrial conference.

We agree that an attorney's failure to keep himself informed as to schedulings concerning the cases on his docket is a grave matter. Certainly, failing to appear for a scheduled pretrial conference, following the publication of notice in the appropriate journal, is an egregious breach of the standards of conduct expected of an attorney. There are many alternative sanctions which would not preempt the innocent litigant's constitutional right to a jury trial, including the imposition of fines against the attorney, as well as the assessment of the opposing party's legal fees against the attorney who misses a conference due to his own negligence. *See Medve v. Walakovits,* 305 Pa. Superior Ct. 75, 451 A.2d 249 (1982); *Neely v. J. A. Young & Co., Inc.,* 198 Pa. Superior Ct. 196, 181 A.2d 915 (1962).

None of these alternative courses of action were considered by the trial court.

It is interesting to note that the underlying litigation involves a citizen's suit against a governmental entity. The right of a citizen to hear his claim before an impartial panel, not aligned with the government, was undoubtedly one reason why the framers of our constitution chose such strong language in guaranteeing an individual's right to a trial by jury.

We again emphasize that the appellant's failure to appear at the pretrial conference cannot be interpreted as a waiver of any fundamental rights, since the record is devoid of any notice directed to the appellant. When viewing the constitutional mandate that the right to a jury trial "shall remain inviolate," courts must restrict themselves in their interpretations of what conduct constitutes a waiver of this right. While local rules which impute pretrial scheduling notices to members of the bar through publication in the county legal journal are valid and, in fact, salutary, it would be ludicrous to extend such notice to the clients whom they represent.

The order of the Court of Common Pleas of Allegheny County is reversed and the matter is remanded for proceedings consistent with this opinion.

## ORDER

AND NOW, July 24, 1986, the order of the Court of Common Pleas of Allegheny County, No. 6424 of 1978, dated April 2, 1984, is hereby reversed and the matter remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.