614 A.2d 1209

**Harold P. STARR, Appellee,**

v.

**ZDROK & ZDROK, P.C. and Alexander Zdrok, Appellants.**

Superior Court of Pennsylvania.

Argued July 14, 1992.

Filed Sept. 29, 1992.

Vladimir N. Zdrok, Philadelphia, for appellants.

Harold P. Starr, in pro. per.

Before CIRILLO, POPOVICH and HOFFMAN, JJ.

POPOVICH, Judge.

We are asked by the defendant/appellant, Alexander Zdrok,[1] to review an order dismissing his appeal of an arbitration award for "lack of prosecution". We reverse.

The facts reveal that the plaintiff/appellee, Harold P. Starr, filed a complaint alleging a default on the part of the defendant in the payment of rent due under a sublease agreement between the parties. An answer was filed and the dispute was heard in arbitration by a panel which found in favor of the

---

1. We note that the present appeal identifies Zdrok & Zdrok, P.C. *and* Alexander Zdrok as the defendants/appellants.

For clarification purposes, however, the record indicates a complaint filed against Alexander Zdrok *only*. No suit was instituted against the law firm of Zdrok & Zdrok, P.C. For example, although the body of the complaint makes reference to Zdrok & Zdrok, P.C. as being in default of the sublease which is the predicate for the suit, the "Wherefore" clause at the end of the document seeks judgment against the "defendant", who is identified as "Alexander Zdrok" in Paragraph 2 and not Zdrok & Zdrok, P.C.

Also, service of the complaint by the Sheriff's Department was made on "Alexander Zdrok", the Answer to the complaint was filed on behalf of the defendant, Alexander Zdrok, and the caption appearing on the face sheet of the arbitration award listed "Alexander Zdrok" as the defendant against whom an award of $20,000.00 was entered *without any mention of Zdrok & Zdrok, P.C.*

Lastly, the "Notice of Appeal" from the arbitration award to Common Pleas Court identified "Alexander Zdrok" as the sole defendant. Accordingly, we decide the case at bar as one involving Alexander Zdrok only as the defendant, and we make no disposition touching upon Zdrok & Zdrok, P.C. since we find it not to be a party to the suit either below or on appeal.

plaintiff and awarded him $22,334.02. After the award was reduced to judgment, the defendant filed a "Notice of Appeal" to the Court of Common Pleas of Philadelphia County for a trial *de novo*. What followed, however, was the entry of an order dated November 19, 1991, dismissing the appeal for "lack of prosecution" and reinstating the original arbitration award against the defendant.[2] In its opinion in support of the November 19th order, the court wrote:

> ... A mandatory settlement conference was scheduled for November 19, 1991, and *the date of the conference stamped on defendant's notice of appeal.* When defendant failed to appear, this court dismissed his appeal for lack of prosecution, and ordered that the original arbitration award be reinstated. It should be noted that defendant has never applied to this court for reconsideration, although the court recognizes that Pa.R.C.P. 3051, which requires such application, was not yet in effect. [Emphasis added]

This appeal followed.

The appellant asserts that the court below abused its discretion in dismissing his appeal (as violative of his constitutional right to a trial by jury) given that he had "no notice" of the pre-trial settlement conference.

In *Keisling v. Carlynton School District*, 99 Pa.Cmwlth. 201, 512 A.2d 1346 (1986), *allocatur denied*, 513 Pa. 636, 520 A.2d 1386 (1987), the Court was confronted with a scenario in which an appeal from an arbitration award to Common Pleas Court resulted in the entry of sanctions (e.g., denial of a trial by jury) for the appellant's failure to appear at a pre-trial conference and file a pre-trial statement as required by Pa. R.Civ.P. 212. Notices of the pre-trial conference and trial dates were published in the local legal journal, neither of which was read by counsel for the appellant.

2. The order reads as follows:
AND NOW, to wit, this 19th day of November, 1991, It is hereby ORDERED that the Appeal is dismissed for lack of prosecution, and the original Arbitration Award shall be in full force and effect. failure to appear at mandatory settlement conference
The underscored portion of the order was handwritten on the face of the document.

A motion to reconsider was denied and the case was heard non-jury. Trial was held and judgment was entered in favor of the defendant/appellee. On appeal, the Commonwealth Court reversed the trial court's denial of the appellant's request for a trial by jury. Its rationale, as herein relevant, reads:

> *In the instant matter, there is no indication in the record that the appellant ever received notice from the court, or his attorney, of the pretrial conference.*

> We agree that an attorney's failure to keep himself informed as to the schedulings concerning the cases on his docket is a grave matter. Certainly, failing to appear for a scheduled pretrial conference, following the publication of notice in the appropriate journal, is an egregious breach of the standards of conduct expected of an attorney. There are many alternative sanctions which would not preempt the innocent litigant's constitutional right to a jury trial, including the imposition of fines against the attorney, as well as the assessment of the opposing party's legal fees against the attorney who misses a conference due to his own negligence.

> None of these alternative courses of action were considered by the trial court.

> \*    \*    \*    \*    \*    \*

> We again emphasize that the appellant's failure to appear at the pretrial conference cannot be interpreted as a waiver of any fundamental rights, since *the record is devoid of any notice directed to the appellant.* When viewing the constitutional mandate that the right to a jury trial "shall remain inviolate," courts must restrict themselves in their interpretations of what conduct constitutes a waiver of this right. While local rules which impute pretrial scheduling notices to members of the bar through publication in the county legal journal are valid and, in fact, salutary, it would be ludicrous to extend such notice to the clients whom they represent.

> The order of the Court of Common Pleas of Allegheny County is reversed....

99 Pa.Cmwlth. at 203–06, 512 A.2d at 1348–49 (Emphasis added).

■ As in *Keisling,* the *record* at bar is barren of any notice directed to the defendant. This void is not rectified by the lower court's reference to a notice of the mandatory settlement conference date being "stamped" on the defendant's "Notice of Appeal".[3]

■ As with any finding of fact made by a trial court, we, as an appellate court, need not accept it where it is *not supported by record evidence.* Cf. *Commonwealth v. Lagamba,* 418 Pa.Super. 1, 613 A.2d 1, 3 (1992) ("... we[, as an appellate court,] are 'not bound by findings wholly lacking in evidence.'" (Citations omitted)). Our examination of the defendant's "Notice of Appeal" to Common Pleas Court does not reveal the affixing of a "stamp" anywhere thereon from which a reader could detect the date the settlement conference was scheduled. See note 2, supra.

■ Similarly, we are precluded from accepting as evidence of notice a copy of a letter appearing in the appellee's brief (Exhibit "A") addressed to and advising the appellee and counsel for the appellant that a settlement conference was scheduled for November 14, 1991.[4] Cf. *McCormick v. Allegheny General Hospital,* 364 Pa.Super. 210, 527 A.2d 1028, 1033 (1987) ("... [as an] appellate court ... we are foreclosed from considering any material (such as in a party's brief) which has not been duly certified in the record transmitted to us." (Citations omitted)).

■ Because the *record* is devoid of any notice to the defendant informing him of the scheduled pre-trial settlement conference, he cannot be faulted for not appearing. See *Keisling,* supra. Unlike the plaintiff, we may not "presume" that counsel for the defendant received notice of the pre-trial conference date on the basis that he filed timely an appeal

3. All that appears on the face sheet of the "Notice of Appeal", prepared and submitted by counsel for the appellant, are two dates referencing when the prothonotary time-stamped receipt and recording into data processing of the notice. See Record at pages 6–7.

4. The letter was dated October 17, 1991, and was addressed to the appellee and counsel for the appellant by an attorney assigned under Philadelphia's "Judge Pro Temp Program" to hear the matter.

from the December 19, 1991, order dismissing the arbitration appeal—receipt of the latter implies, according to the plaintiff, receipt of the former.

We are bound to make our ruling on facts documented according to our Rules of Appellate Procedure. See, e.g., Rule 1921 (Composition of Record on Appeal); *Commonwealth v. Rini*, 285 Pa.Super. 475, 427 A.2d 1385, 1389 (1981) ("... it is an absolute rule that on appellate review, a court may not consider facts outside the record." (Footnote omitted)). Therefore, the absence of record evidence to buttress the positions taken and remarks made by either the court below or the plaintiff dictates that the order dismissing the defendant's appeal of an arbitration award in favor of the plaintiff be reversed.

Order reversed.

HOFFMAN, J., files a dissenting statement.

HOFFMAN, Judge, dissenting.

I respectfully dissent.