## Silviotti v. Linder

C.P. of Northampton County, no. 1998-C-5503.

*William Coffin,* for plaintiff.
*Charles Banta,* for defendant Linder.
*Frank Baker III,* for defendant Staples.
*Frank Lachat,* for defendant Corporate Express.

BARATTA, *J.,* January 13, 2003—

### STATEMENT OF REASONS

Presently before the court is plaintiff's, Diane Silviotti's, petition to amend her complaint to allow a jury trial.

The instant matter was initiated by plaintiff's complaint on July 23, 1998. Thereafter, various pleadings were circulated among the parties. At a status conference held September 7, 1999, the Honorable Richard D. Grifo entered an order of court declaring the pleadings closed.

In the spring of 2000, the parties appeared for pretrial conference. Nowhere in the pleadings or her pretrial memorandum is there any request for a jury trial.

On June 18, 2002, plaintiff filed a petition seeking to amend her complaint in order to clarify her request for damages. In plaintiff's initial complaint, plaintiff alleged that she suffered from severe depression, loss of sleep and loss of use of bodily function and that she incurred severe shock to her nerves and nervous system, and mental anguish. (See complaint ¶16.) Plaintiff now seeks to amend her complaint to expand her claim for damages to include a claim for post-traumatic stress syndrome (proposed ¶17) and incontinence, nightmares and flashbacks of emotional trauma. (Proposed ¶18.) The defendants responded to the amendment indicating that they opposed the amendment but, they acknowledged that the proposed clarification of damages fell within the umbrella of mental anguish that had been pled in paragraph 16 of the original complaint. Therefore, the defendants argued that, not only was the request to amend untimely, but there was no need for the request.

Although the June 18, 2002 petition to amend did not reference a request to include a demand for a jury trial, plaintiff has since expanded her petition to amend the complaint to include a demand for a jury trial.

A hearing was subsequently held by this court on the issue of whether a waiver of jury trial is binding and irreversible. This order addresses the jury trial waiver issue only, as the request to amend the complaint to include post-traumatic stress, incontinence and other emotional trauma is moot, as we find that the original complaint permits the plaintiff to pursue recovery for those damages.

## I. *Legal Standard*

Pennsylvania Rule of Civil Procedure 1007.1 provides in pertinent part:

"Jury trial. Demand. Waiver

"(a) In any action in which the right to jury trial exists, that right shall be deemed waived unless a party files and serves a written demand for a jury trial not later than 20 days after service of the last permissible pleading. The demand shall be made by endorsement on the pleading or by a separate writing." Pa.R.C.P. Rule 1007.1(a).

The failure to make a timely demand for a jury trial can result in the denial of a jury trial, however, where no inconvenience or prejudice will result from the delay in requesting a jury trial or where the party did not knowingly waive the right to a jury trial, such late filing may be allowed. See *Seck-Minnerly Group Inc. v. Matthews International Corp.,* 13 D.&C.3d 149 (Allegheny Cty. 1980); *Keisling v. Carlynton School District,* 99 Pa. Commw. 201, 512 A.2d 1346 (1986), *appeal denied,* 513 Pa. 636, 520 A.2d 1386 (1987).

The right to a jury trial involves a constitutional right, as such it has been suggested that the courts be flexible in permitting delayed demands for jury trials. See *Dauphin Deposit Bank & Trust Co. v. Pifer,* 383 Pa. Super. 275, 556 A.2d 904 (1989); *Hawley Bank v. Santini,* 256 Pa. Super. 203, 389 A.2d 671 (1978). It should be noted that "[t]he time prescribed by any rule of civil procedure for the doing of any act may be extended or shortened by written agreement of the parties or by order of court." See Pa.R.C.P. 248.

A jury trial may be waived expressly or by implication by a failure to follow the method prescribed for determining that the parties desire it. See *Wright v. Barber,* 270 Pa. 186, 113 A. 200 (1921); *Neely v. J. A. Young & Co Inc.* 198 Pa. Super. 196, 181 A.2d 915 (1962); *Warden v. Zanella,* 283 Pa. Super. 137, 423 A.2d 1026 (1980). A trial by jury is deemed waived unless it is affirmatively requested. *Beach v. Burns International Security Services,* 406 Pa. Super. 160, 593 A.2d 1285 (1991).

A party may withdraw their waiver of a jury trial with the discretion of the court. See *Rodney v. Wise,* 347 Pa. Super. 537, 500 A.2d 1187 (1985).

A court should not deny the right to a jury trial to a party who has not knowingly waived this right, in the absence of prejudice to an adverse party or inconvenience to the court. See *Keisling v. Carlynton School District,* 99 Pa. Commw. 201, 512 A.2d 1346 (1986).

## II. *Discussion*

Rule 1007.1 of the Pennsylvania Rules of Civil Procedure does not explicitly bar a trial court from allowing

an untimely jury demand. "[T]he right to trial by jury is not a 'substantive right,' but a right of procedure through which rights conferred by substantive law are enforced." *Commonwealth v. Sorrell,* 500 Pa. 355, 361, 456 A.2d 1326, 1329 (1982). As a procedural right, the right to trial by jury allows for some flexibility in its application when dealing with delayed demands for jury trial. *Hawley Bank v. Santini,* 256 Pa. Super. 203, 389 A.2d 671 (1978); see also, 7 Std.Pa.Prac.2d. §42:6.

Rule 126 of the Pennsylvania Rules of Civil Procedure encourages the liberal construction and application of the rules whereby a court may disregard any error or defect in procedure which does not affect the substantial rights of a party. The Pennsylvania Supreme Court discussed Rule 126 in *Pomerantz v. Goldstein,* 479 Pa. 175, 178-79, 387 A.2d 1280, 1281-82 (1978) (citations omitted), where the court stated:

"Procedural rules are not ends in themselves, but means whereby justice, as expressed in legal principles, is administered. They are not to be exalted to the status of substantive objectives . . .

"Rule 126 not only expresses the reasons why our rules are to be liberally construed—to ensure that justice is accorded the parties to a lawsuit—but also permits us to disregard procedural errors which do not affect substantial rights."

In *Dauphin Deposit Bank and Trust Co. v. Pifer,* 383 Pa. Super. 275, 280, 556 A.2d 904, 906 (1989), the Pennsylvania Superior Court discussed the criteria for addressing an untimely jury demand. In *Pifer, supra,* the lower court permitted the plaintiff's request for jury trial made

on the date the non-jury trial was to commence. The Superior Court affirmed the lower court's decision, apparently finding that the lower court's determination was an exercise of discretion and absent any inherent prejudice, the untimely grant of a jury trial was harmless error.[1]

However, we note that the court in *Pifer, supra,* stated that neither Rule 126 nor the dicta in *Pomerantz,* suggest that "full compliance with the rules of procedure is not required or that failure to do so is without peril. The administration of justice requires the efficient operation of the judicial system with compliance with the rules of procedure a necessity . . ., but the rules cannot 'be accorded the status of substantive objectives requiring rigid adherence.' . . ." *Dauphin Deposit Bank and Trust Co. v. Pifer,* 383 Pa. Super. 275, 280, 556 A.2d 904, 906 (1989). The court in *Pifer, supra,* also held that prejudice to either side plays no part in enforcing a waiver of a jury trial where the provisions of Rule 1007.1(a) have not been met.

In the instant matter, plaintiff asserts that she had instructed her counsel that she had wanted a jury trial. Plaintiff insists that she has always wanted a jury trial. Plaintiff contends that the failure of her counsel to demand a jury trial on her behalf should not be binding. Therefore, plaintiff argues that she had not, at any time, waived her right to a jury trial.

---

1. *Commonwealth v. Morales,* 508 Pa. 51, 494 A.2d 367, 374 (1985), citing *Commonwealth v. Bonacurso,* 500 Pa. 247, 455 A.2d 1175 (1983), *cert. denied,* 462 U.S. 1120 (S.Ct. 1983), "there is no inherent prejudice in proceeding to trial by jury as opposed to trial before a judge."

Plaintiff also notes that there would be no prejudice to defendants should her request for a jury trial be granted.

We note that under *Pifer,* the lack of prejudice to either side should not be a factor in our determination; however, had the defendants asserted a claim for prejudice, we would have been reluctant to further consider plaintiff's request.

In response, the defendants argue that plaintiff never demanded a jury trial as required by Rule 1007.1 The pleadings were ordered closed on September 7, 1999. Therefore, the period in which plaintiff may demand a jury trial, 20 days from the date of service of the last pleading, has long since passed.

The only reason offered by plaintiff for the failure to demand a jury trial is the error or inadvertence of her counsel.

We note that in *L.B. Foster Co. Inc. v. Brumfield,* 12 D.&C.4th 646 (Allegheny Cty. 1991), Judge Wettick, sitting in the Court of Common Pleas of Allegheny County, cogently set forth the standard for the trial court in disposing of an untimely demand for a jury trial. Judge Wettick concluded that, absent showing of good cause by the plaintiff for the failure to demand a jury trial, the untimely demand should be denied.

Although we have no quarrel with Judge Wettick's rationale, we also note that *Dauphin Deposit Bank and Trust Co. v. Pifer* recognizes that the decision is purely discretionary by the trial judge and it is not error for the lower court to pennit a last minute request for a jury trial.

We find plaintiff's assertions that she had instructed her prior attorney to demand a jury trial to be credible.

Further, because this is a personal injury action, we can see no tactical reason for prior counsel to seek a non-jury trial. Plaintiff has since dismissed prior counsel. Therefore, we find that plaintiff had never intended to waive her right to a jury trial and that the alleged waiver by omission, caused by prior counsels failure to act, should not deny plaintiff her constitutional right to a jury trial.

Therefore, we will permit plaintiff, even at this late date, to pursue her constitutional right to a jury trial. We grant plaintiff's request to amend her complaint to demand a jury trial.

## ORDER

And now, January 13, 2003, the plaintiff's petition to amend her complaint to allow a jury trial is hereby granted.